George CARRIGAN, Defendant,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7140.

United States Court of Appeals
First Circuit.

Jan. 3, 1969.

George C. Berk, Providence, R. I., by appointment of the Court, for appellant.

William J. Gearon, Asst. U. S. Atty., with whom Edward P. Gallogly, U. S. Atty., was on brief, for appellee.

Before STALEY *, Senior Circuit Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is an appeal from judgments of conviction following jury trial for two unlawful transfers of marijuana in violation of 26 U.S.C. § 4742(a). The defense was that of entrapment. We affirm.

The sufficiency of the evidence is challenged, as are numerous rulings at trial and the constitutionality of the mandatory minimum sentence required by 26 U.S.C. § 7237. We have carefully scrutinized the transcript and conclude that the conflicting evidence as to the extent to which the government agent induced the two offenses presented a clear question of credibility for the jury. It could reasonably, as it did, accept

* Of the Third Circuit, sitting by designation.

the government agent's testimony. This was in essence that, after the agent was introduced to defendant and offered to buy some marijuana, defendant without demur suggested that they talk in a car where defendant delivered two envelopes, this sequence being substantially repeated on a subsequent occasion. The fact that the agent posed as a marijuana user and initiated the transactions does not lift this case out of the ordinary case utilizing undercover agents. The circumstances as the jury could have found them do not establish entrapment as a matter of law. That defendant's version of prolonged resistance to temptation was not accepted is no ground for appeal.

■ The alleged errors at trial do not merit extended discussion. An instruction that defendant's testimony should be weighed in the light of his interest in the outcome of the case and that "his interest is usually greater than that of any other witness" was not objected to. The charge as a whole gave adequate attention to the criteria in judging the credibility of other witnesses, the government's burden of proof and presumed innocence of the defendant. We find no plain error. United States v. Sullivan, 329 F.2d 755 (2d Cir.), cert. denied, 377 U.S. 1005, 84 S.Ct. 1943, 12 L.Ed.2d 1054 (1964). We do, however, endorse the following admonition of the court in Taylor v. United States, 390 F.2d 278, 285 (8th Cir. 1968):

> " * * * The continuing and frequent attack on an instruction of this kind indicates that its use leaves defense counsel with a troubled mind. We suspect that this discomfort would be alleviated if the defendant were included by references in the court's general instructions as to all witnesses."

■ While the court did not, as required by Fed.R.Crim.P. 30, inform defendant's counsel of its proposed action on two requests prior to argument to the jury, we see no possible prejudice to counsel's argument. The requests, directed to the entrapment issue, based exoneration of defendant on the absence of a "previous purpose" to sell marijuana and stated that law officers were not permitted to ensnare a person into committing a crime. The instruction given, a much more thorough and accurate treatment of the subject, spoke in terms of absence of previous disposition, readiness or willingness to violate the law, consistent with our latest guidance in this field. Kadis v. United States, 373 F.2d 370 (1st Cir. 1967); and Sagansky v. United States, 358 F.2d 195, 201–203 (1st Cir.), cert. denied, 385 U.S. 816, 87 S.Ct. 36, 17 L.Ed.2d 55 (1966).

Unlike the situation in Wright v. United States, 339 F.2d 578 (9th Cir. 1964), where the court failed to touch on the law relevant to the argument of the defense, the court below adequately covered the ground. We fail to see how counsel in this case would significantly have changed the thrust of his argument had the court specifically stated that it would not give the instructions in the form requested.

Other assertions relate to allegedly prejudicial comments of the prosecutor in argument, brevity of the jury's deliberation, and (though not listed as error) interventions by the court. These can only be ascribed to the zeal of counsel.

■ Finally, appellant, at the end of presentation of the evidence, attempted to offer a medical witness who would have testified that in his opinion marijuana was no worse than alcohol and less deleterious than other drugs, as a basis for urging that the mandatory minimum prison sentence required by 26 U.S.C. § 7237 for one convicted of an illegal transfer of marijuana constitutes both cruel and unusual punishment and a violation of the Fourteenth Amendment. The court ruled that the motion was untimely. With this we agree. The constitutional attack on a statute which would be mandatorily invoked in the event of a verdict of guilty is not something to be sprung on the prosecution at the end of a trial focusing solely on the issue of entrapment. Were a serious consideration of the constitutional issue to be contem-

plated, the prosecution is entitled to notice to marshal its evidence. Cf. United States v. Jackson, 262 F.Supp. 716 (D. Conn.1967), reversed, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968) [challenge to death penalty of kidnapping law raised by motion to dismiss indictment]. Such, we think, is required by fairness, and consistent with Fed.R.Crim.P. 12 (b) (2). We also recognize that any alleged deprivation of constitutional rights may be properly addressed through other procedures.

Affirmed.