UNITED STATES of America,
Plaintiff-Appellee,

v.

Carl Dean SHOEMAKER, Defendant-Appellant.

No. 20044.

United States Court of Appeals,
Eighth Circuit.

Aug. 5, 1970.

Angelo J. Falcone, Kansas City, Mo., for defendant-appellant.

Calvin K. Hamilton, First Asst. U. S. Atty., Kansas City, Mo., for plaintiff-appellee; Bert C. Hurn, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., on the brief.

Before MATTHES, Chief Judge, JOHNSEN, Senior Circuit Judge, and LAY, Circuit Judge.

LAY, Circuit Judge.

Defendant appeals his conviction on two counts of dispensing and distributing narcotics in violation of 26 U.S.C.A. § 4704(a). Defendant's singular attack in this court is that the evidence establishes the defense of entrapment as a matter of law, that he was a "purchasing agent" for the government rather than the seller of the narcotics. We affirm.

The transactions for which defendant was convicted involve two occasions in which he obtained narcotics from a seller at the request of government agents. On each occasion, four days apart, the defendant drove with the government agents to a home in Kansas City, Missouri, and purchased cocaine and heroin at their request. The defendant testified that he did so because he was led to believe that the government men were "sick" and in need of the drugs. He testified that he did not make any profit from the transaction and received on each occasion one capsule for his own use. The latter fact was denied by the government witnesses. Defendant admitted being a narcotics user.

The trial court instructed the jury at defendant's request:

"If you believe that Federal Agent Howard Hayes, Jr., asked the defendant to get some heroin and cocaine for him on the occasions mentioned in evidence, and thereupon the defendant undertook to act in the prospective purchaser's behalf rather than on his own, and in doing so purchased the drugs from a third person with whom he was not associated in dispensing or distributing, and thereafter delivered it to the buyer, the defendant would not be a dispenser or distributor and could not be convicted under this Indictment."

The government maintains there were sufficient facts to show that there was no entrapment as a matter of law. The

government urges that the jury could find from the overall evidence that the defendant was in fact engaged in dispensing and distributing the drugs and the "purchasing agent" defense was not applicable. The government contends the following factual circumstances provide sufficient inference of guilt: (1) At the initial meeting with the government agents, Shoemaker was immediately willing to deal with a complete stranger when they made contact with him. (2) On the first contact defendant remained in the government car only two to four minutes before calling his source of supply. (3) The government witnesses testified they told Shoemaker they wanted to buy the drugs for profit and not for their own use. (4) After the first transaction Shoemaker gave his phone number to the government agents to be used in the event that they should want to purchase more narcotics. (5) Shoemaker attempted to maintain the secret identity of his source. (6) The government witnesses denied that Shoemaker was given any drugs in return for his services. (7) Shoemaker knew what quantity and drugs his contact would have to sell on a future date. (8) Shoemaker was a narcotics user himself.

As outlined by the government's argument, factual circumstances existed upon which, if taken as true, the jury could reasonably find that the defendant was acting on his own behalf, aiding and abetting the original sellers. Under existing case law we think the conflicting factual issues were properly submitted to the jury. Peterson v. United States, 405 F.2d 102, 109 (8 Cir. 1968), cert. denied 395 U.S. 938, 89 S.Ct. 2003, 23 L.Ed.2d 453 (1969); Rowell v. United States, 368 F.2d 957 (8 Cir. 1966), cert. denied 386 U.S. 1009, 87 S. Ct. 1353, 18 L.Ed.2d 438 (1967); Riddle v. United States, 422 F.2d 1252 (10 Cir. 1970); Carrigan v. United States, 405 F.2d 1197 (1 Cir. 1969), cert. denied 396 U.S. 1028, 90 S.Ct. 575, 24 L.Ed.2d 524 (1970); Hunt v. United States, 103 U. S.App.D.C. 309, 258 F.2d 161 (1958), cert. denied 358 U.S. 936, 79 S.Ct. 326, 3 L.Ed.2d 308 (1959). It is well established that issues of credibility must be resolved by triers of fact and not by this court. United States v. May, 419 F.2d 553, 555 (8 Cir. 1969); United States v. Lodwick, 410 F.2d 1202, 1204–1205 (8 Cir. 1969), cert. denied 396 U.S. 841, 90 S.Ct. 105, 24 L.Ed.2d 92 (1969); Fabian v. United States, 358 F.2d 187, 195 (8 Cir. 1966), cert. denied 358 U.S. 821, 87 S.Ct. 46, 17 L.Ed.2d 58 (1966).

Judgment affirmed.