**UNITED STATES of America, Appellee,**

v.

**Russell PRUITT, Appellant.**

**No. 73–1342.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1973.

Decided Dec. 4, 1973.

Rehearing Denied Jan. 8, 1974.

William J. O'Herin, St. Louis, Mo., for appellant.

Richard K. Coffin, Dept. of Justice, St. Louis, Mo., for appellee.

Before GIBSON, LAY, and HEANEY, Circuit Judges.

GIBSON, Circuit Judge.

Russell Pruitt appeals his judgment of conviction, entered after a jury trial, on two counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). He was sentenced by The Honorable James Meredith, Chief Judge of the District Court for the Eastern District of Missouri, to a term of imprisonment of five years on each count, to run concurrently.

On appeal defendant alleges three grounds of error: (1) failure to instruct the jury on his "procuring agent" or "purchasing agent" defense and other proffered instructions, (2) the giving of the defendant's "actual transfer" instruction prior to the definitions of "distribute" and "deliver", and (3) prejudicial closing argument by the prosecutor.

There is little controversy over the facts giving rise to this prosecution.

Defendant admitted at trial that he physically handed over heroin to a government informer on the two occasions charged in the indictment; his claim is that this is not a "distribution" as defined by 21 U.S.C. § 802(11). We will not detail the facts but will assume *arguendo* for purposes of this appeal that Pruitt was a so-called "procuring agent" or "purchasing agent".[1] We find, as did the District Court, that Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq. (Controlled Substances Act) has eliminated the "procuring agent" defense to a prosecution under 21 U.S.C. § 841(a)(1). We use "procuring agent" here in the context of including the related "purchasing agent" defense.

Defendant asserts otherwise. His contention is based upon an involved semantic analysis of the terms used and defined by the Act. In essence he asks this Court to redefine the statutory terms in order to create a loophole where none exists by the clear terms of the statute. 21 U.S.C. § 841(a)(1) makes it a crime to "manufacture, distribute, or dispense * * * a controlled substance * * *." Distribution, the charge against the defendant, is defined in § 802(11) as "to deliver (other than by administering or dispensing) a controlled substance." A distributor is "a person who so delivers a controlled substance." It is the definition of "deliver" contained in § 802(8) which defendant would have us believe creates the loophole through which a "procuring agent" would escape the criminal pro-

scriptions of § 841(a)(1). Sec. 802(8) provides:

(8) The terms "deliver" or "delivery" mean the actual, constructive, or attempted transfer of a controlled substance, *whether or not there exists an agency relationship.* (emphasis supplied).

It is the emphasized words of this subsection which give rise to defendant's argument that the procuring agent defense is still valid, while it is the same language that the Government contends eliminates the defense. Obviously, both parties cannot be correct. The Government's position is supported by all the courts that have considered the question to date. United States v. Miller, 483 F. 2d 61, 62 (5th Cir. 1973); United States v. Johnson, 481 F.2d 645, 646–647 (5th Cir. 1973); United States v. Hernandez, 480 F.2d 1044, 1046 (9th Cir. 1973); United States v. Workopich, 479 F.2d 1142, 1147 (5th Cir. 1973); United States v. Holland, 360 F.Supp. 908, 913 (E.D.Pa.1973); United States v. Pierce, 354 F.Supp. 616, 619 (D.D.C.1973).[2]

The defendant argues that the words "whether or not there exists an agency relationship" must be limited by the definition of "agent" in § 802(3), which provides:

(3) The term "agent" means an authorized person who acts on behalf of or at the direction of a manufacturer, distributor, or dispenser; except that such term does not include a common or contract carrier, public warehouseman, or employee of the carrier or warehouseman, when acting in the

---

1. The requested instruction reads:
"If you believe that Ozell Johnson asked defendant Russell Pruitt to get some narcotics for him, and thereupon defendant Pruitt undertook to act in behalf of the prospective purchaser, Johnson, and in so doing purchased the drugs from a third person with whom he was not associated in selling, and thereafter physically transferred them to Johnson, defendant Pruitt did not act in the capacity of a distributor and cannot be convicted under this indictment."

2. See also, United States v. Jackson, 482 F. 2d 1264, 1267 (8th Cir. 1973) wherein this court recognized the difference between the new statute, 21 U.S.C. § 801 et seq. and the previous statutes under which the procuring agent defense was recognized. As the facts in *Jackson* did not support a procuring agent defense, the Court was not faced with determining whether the defense was still valid.

usual and lawful course of the carrier's or warehouseman's business.

Because of this definition of agent, defendant argues that "agency relationship" in § 802(8) applies only to agents of manufacturers, distributors or dispensers, and not to agents of purchasers. We must reject this argument.

 We do not read "agency relationship" set forth in § 802(8) as being limited by the definition of "agent" in § 802(3). The Act is an attempt to deal comprehensively with the problems of drug abuse. Therefore, the entire statutory scheme must be looked at to determine the meaning of "agency relationship". We think that the term "agent" as defined in § 802(3) refers to the use of agent in § 802(2)(A) [3] and § 822(c) [4] and was not intended to limit the term "agency relationship" in § 802(8).

The "agent" status is an important one under the Act since it creates an exception to the general requirement of registration in § 822 for all persons who manufacture, distribute or dispense a controlled substance. The definition in § 802(3) strictly limits the class of persons who may claim such an exemption from the registration requirement. These persons are those within the legitimate distribution chain,[5] while the terms "whether or not there exists an agency relationship" covers as well transactions outside the legitimate distribution chain, i. e., transactions by a procuring agent.

Congress did not indicate the significance of the phrase "whether or not there exists an agency relationship". House Report, *supra* at 4597. There are strong indications, however, that Congress had no intention of creating the loophole that defendant would have us believe exists. "All persons in the distribution chain are required to be registered * * *." House Report, *supra* at 4569. The emphasis of the Act is upon registration in order to keep controlled substances out of illegitimate distribution. It is clear that defendant was involved in an illegitimate distribution chain, yet he would have us adopt an interpretation which would leave him free to avoid both registration and the criminal sanctions for illegitimate distribution. This is a strong argument for not torturing the statutory language to narrowly limit "agency relationship". Further, United States v. Pierce, *supra*, quotes from a Summary and Analysis of the Bill, prepared by the Justice Department for the Chairman of the House Ways & Means Committee.

"Distribute" and "Distributor" are defined to cover *anyone* who transfers, or attempts to transfer, a controlled dangerous substance.

United States v. Pierce, *supra* at 619, n. 6 of 354 F.Supp.

While the Justice Department's views on the bill do not control, they at least show that the department charged with enforcement of its provisions interprets

---

3. Section 802(2) provides in pertinent part:
 The term "administer" refers to the direct application of a controlled substance to the body of a patient or research subject by—
 (A) a practitioner (or, in his presence, by his authorized *agent*) * * *. (emphasis supplied).

4. Section 822(c) provides in pertinent part:
 The following persons shall not be required to register and may lawfully possess any controlled substance under this title:
 (1) An *agent* or employee of any registered manufacturer, distributor, or dis-

penser of any controlled substance if such *agent* or employee is acting in the usual course of his business or employment. (emphasis supplied).

5. H.R.Rep.No.91–1444, 91st Cong.2d Sess., 3 Cong. & Adm.News, 4566, 4569 (1970) (hereinafter House Report) :
 The bill provides for control by the Justice Department of problems related to drug abuse through registration of manufacturers, wholesalers, retailers, and all others in the legitimate distribution chain, and makes transactions outside the legitimate distribution chain illegal.

the literal language of the Act in the same manner as have all courts that have considered the question. It is not the agency relationship itself which determines whether a criminal distribution under § 841(a)(1) has occurred, for it is clear that even registered persons or their agents "distribute" a controlled substance within the meaning of the Act; but it is the lack of authority under the Act to engage in distribution which makes the conduct criminal and hence punishable under § 841(a)(1).

■ The defendant, by his own admission on the stand, transferred heroin to a government informant without authority. The elements of the crime of "distribution" were thus established and defendant was not entitled to an instruction relative to his status as a procuring agent. This status is no longer relevant under the terms of the Controlled Substances Act.

Further, defendant has not convinced us that he would have been entitled to a procuring agent instruction under the prior statute, 26 U.S.C. § 4704(a), dealing with distribution. In United States v. MacDonald, 455 F.2d 1259, 1261–1262 (1st Cir.), cert. denied, 406 U.S. 962, 92 S.Ct. 2070, 32 L.Ed.2d 350 (1972), it was recognized that:

> [T]he circumstances justifying a "buyer's agent" [procuring agent] charge are extremely rare. Before such a charge is given, there must be some evidence that the defendant's involvement was confined solely to acting as the agent of the recipient, physically handing drugs whose ownership had already passed to such recipient and hence not personally engaging in the *sale, barter, exchange or gift proscribed by § 4705(a)*. (emphasis supplied).

The "procuring agent" charge has primary relevance when dealing with a sale or the offense of selling, *see* Lewis v. United States, 119 U.S.App.D.C. 145, 337 F.2d 541, 544 (1964). Under the prior statutes, if in fact the defendant was acting as an agent for the buyer, then he could not be punished as a seller; as stated in United States v. Moses, 220 F.2d 166, 168 (3rd Cir. 1955): "[A] participant in a particular transaction must be punished either as a seller or a buyer. There is no general offense of participation in the transaction viewed as a whole." [6]

■ These prior concepts have been discarded in the Controlled Substances Act which contains no sale or buying requirement to support a conviction; there is now an offense of participation in the transaction viewed as a whole. The Comprehensive Drug Abuse Prevention and Control Act of 1970 is extremely broad in scope, no longer restricted to the narrower concepts of buy and sell, but all inclusive in covering the entire field of narcotics and dangerous drugs in all phases of their manufacturing, processing, distribution and use. All distribution is controlled or prohibited, legitimate or illegitimate. Any individual who participates in any manner in the unauthorized distribution of such "controlled substances" is amenable to the Act and the sanctions provided therein. Congress undoubtedly intended by this new Act to make an all-out attempt to combat illicit drugs by subjecting any individual who knowingly participates in the distribution to substantial, and in some cases severe, penalties while dealing less severely with, and attempting to aid, the unfortunate individuals who are the ultimate users of the illicit drugs. House Report, *supra* at 4571. 4571.

■ Defendant cites United States v. Haley, 452 F.2d 398 (8th Cir. 1971), cert. denied, 405 U.S. 977, 92 S.Ct. 1205, 31 L.

---

6. *Moses* was not concerned with the offense of "facilitating" a sale under 21 U.S.C. § 174. Several courts have viewed facilitation as an offense of participation in the transaction. Lewis v. United States, *supra* at 545 of 337 F.2d; Bruno v. United States, 259 F.2d 8, 10 (9th Cir. 1958).

Ed.2d 253 (1972) and United States v. Shoemaker, 429 F.2d 530 (8th Cir. 1970), as support for his argument that a procuring agent instruction was required for a charge of distribution under § 4704(a) as well as for a sale under § 4705(a). The court's discussions of the procuring agent defense in *Haley* and *Shoemaker* indicate only that the court did not find any error in submitting the question to the jury under a procuring agent instruction. Convictions were affirmed in both cases. If the defendant receives an instruction favorable to his case, even though not entitled to the instruction, obviously no prejudice has occurred. This, however, does not establish a requirement that the issue must be so submitted on a charge of distribution and we think the rationale of requiring the procuring agent instruction on a selling charge under the prior statute does not extend to requiring the instruction upon a charge of distribution under either the former or present statutes.

The contention that the Court erred in failing to charge the jury relative to other concepts requested by the defendant in connection with his procuring agent defense must also fail, as they were dependent upon the validity of such a defense. The challenge to the order in which the instructions were given is patently frivolous, instructions are considered as a whole, Stump v. Bennett, 398 F.2d 111, 116 (8th Cir., en banc), cert. denied, 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466 (1968); further, no objection to the instructions was made by defense counsel as required by Rule 30, Fed.R.Crim.P.

■■ Defendant also challenges the prosecutor's closing argument as being prejudicial. The trial court has broad discretion to control closing arguments, and absent a clear showing of abuse, its discretion will not be overturned. Bryant v. United States, 462 F.2d 433, 436 (8th Cir. 1972); United States v. Turchick, 451 F.2d 333, 339 (8th Cir. 1971). While some of the statements of the prosecutor were perhaps marginally improper, we are convinced that no prej-udice ensued and that defendant received a fair trial. No clear showing of an abuse of discretion has been made.

The judgment of conviction is affirmed.