**UNITED STATES of America, Appellee,**

**v.**

**Delores ROLLINS, Defendant, Appellant.**

**No. 85–1547.**

United States Court of Appeals, First Circuit.

Argued Jan. 7, 1986.
Decided Feb. 20, 1986.

Paul W. Chaiken, with whom Rudman & Winchell, was on brief, for defendant, appellant.

Timothy C. Woodcock, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., was on brief, for appellee.

Before COFFIN, Circuit Judge, ALD-RICH, Senior Circuit Judge, and RO-SENN,* Senior Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

On the evidence favorable to the government in this case in which defendant Delores Rollins was convicted of drug offenses, defendant's brother, one Gardiner, agreed to sell a gram of cocaine to an undercover agent, D'Eramo, D'Eramo to have the right to return it and get his money back if not satisfied. Gardiner took the money and entered a trailer, D'Eramo remaining in his car outside. Defendant shortly emerged and gave D'Eramo a small packet, telling him she was Gardiner's sister; that he should "try the cocaine to make sure it was all right," and that, if not, she would take it back and return the money. D'Eramo further testified he made a simulated test (which he agreed she might not have seen) and told her he was satisfied.

Defendant denied seeing the test; denied the conversation; admitted delivering the packet, but denied knowledge of its content. The sole issue on this appeal is her complaint as to the court's charge with respect to her interest as a witness affecting her credibility.

In its charge, after stating that the government must show beyond a reasonable doubt that defendant had knowledge of the content of the packet, the court charged the jury as follows.

Now, I wish to instruct you that the law permits a defendant, as this defendant

has done at her own request, to testify on her own behalf. The testimony of the defendant, Delores Rollins, is before you. As with the testimony of all other witnesses, you must determine the credibility of her testimony. The personal interest which each and every witness has in the result of his or her case should be weighed by you in determining the credibility of the defendant's testimony. The interest of a defendant is of the character possessed by no other witness. You may consider if her interest may create a motive for the giving of false testimony. Her interest is, therefore, a matter which may be considered by you in determining the credence that you should give her testimony. Otherwise, ladies and gentlemen, her testimony should be considered by you under the same rules by which you weigh and consider the testimony of any other witness.

In other words, in weighing the testimony of the defendant, you should consider the circumstances under which it was given, her interest in the result of the prosecution, her conduct and demeanor while testifying, the reasonableness or unreasonableness of the version of events told by her, and the facts or circumstances disclosed by the evidence which tend to either corroborate or contradict her version of the events.

And if you believe that the defendant has knowingly testified falsely as to a material point or fact, you have the right to distrust her testimony in other particulars, just as you would with other witnesses, and you may reject all or any part of her testimony, or give it such credibility as you think it deserves. But it is encumbent upon you to consider it fairly along with all of the other testimony in the case.

Asked at the bench whether he had any exceptions to the charge, defendant's counsel replied, "That portion of the instruction that concerned or focused specifically upon

---

* Of the Third Circuit, sitting by designation.

the defendant's testimony we would object to, your Honor."

Examination of the total charge makes apparent that this statement must have referred to the above-quoted portion. At the same time, it referred to the whole, and not merely some individual sentence, as is made clear by defendant's brief. The entire quote is therein set out, introduced by the statement, "The trial court gave the following instruction with respect to defendant's credibility again over the objection of the defendant."

Objections must be specific. F.R.Crim.P. 30 provides, like F.R.Civ.P. 51, that no objection can be noted in the absence of "stating distinctly the matter to which he objects and the grounds of his objection." An important reason for this is that it is unfair at this, the perhaps, psychologically, most hurried portion of the trial—the jury waiting, eager to get started—to expect the court to have to try and figure what counsel may have in mind so that it can know what corrections to make. See cases collected in *Charles A. Wright, Inc. v. Rich,* 354 F.2d 710 at 713 (1st Cir.1960); *Dunn v. St. Louis-San Francisco Ry. Co.,* 370 F.2d 681, at 683–84 (10th Cir.1966). Defendant might have accomplished this even with that abbreviated statement had he called the court's attention to *Carrigan v. United States,* post, now relied upon. As it is, however, the court is vigorously divided on the sufficiency of the objection. It is possibly also divided on the alternative ground urged for affirmance, harmless error. However, for one reason or the other, the panel is unanimous in the result.

Ninety years ago the Supreme Court approved essentially the charge here given. *Reagan v. United States,* 157 U.S. 301, 15 S.Ct. 610, 39 L.Ed. 709 (1895). At that time the fact that a defendant could be allowed to testify was a relatively recent event, see *id.* at 304, 15 S.Ct. at 611, and it is understandable that the Court should speak as it did. Since that time, however, the lower courts have been increasingly troubled with the seeming psychological inconsistency of charging in one breath that a defend-

ant is presumed to be innocent, and in the next that his, or her, testimony is peculiarly suspect. Typical is the comment in *Taylor v. United States,* 390 F.2d 278, 285 (8th Cir.1968), *cert. denied,* 393 U.S. 869, 89 S.Ct. 155, 21 L.Ed.2d 137, that it would be best if the defendant were not singled out for special comment, which we endorsed in *Carrigan v. United States,* 405 F.2d 1197, 1198 (1st Cir.1969), *cert. denied,* 396 U.S. 1028, 90 S.Ct. 575, 24 L.Ed.2d 524 (1970).

"... The continuing and frequent attack on an instruction of this kind indicates that its use leaves defense counsel with a troubled mind. We suspect that this discomfort would be alleviated if the defendant were included by references in the court's general instructions as to all witnesses."

Our endorsement did not go to the point of saying it would be plain error so to charge. Obviously, the district court was unaware of our admonition in *Carrigan,* not since repeated, and we do not agree with defendant that this was a doubtful case. Defendant admitted to delivery of the packet, or "bindle;" she was sister to the established supplier, and she emerged from the trailer which he had just entered for the expressed purpose of making delivery. That she should not ask, or he not tell, what was in this folded paper, would seem surprising. Assuming no proper objection, we will not find plain error today.

For the benefit of district courts in the future, when we may be quicker to think plain error as to some of this charge, we will comment in more detail. To start at the beginning, there is no point, at this time, to refer to the fact that the law "permits" a defendant to testify. This is to single him, or her, out, right at the outset, and for no reason. The statement that a defendant has an interest "possessed by no other witness," we have already commented upon. Finally, but also important, we are unhappy about the length of this charging upon interest. Surely a modern jury needs no such laboring of the obvious. Astute jurors, and sometimes very unastute jurors, look to the judge for guidance.

To emphasize at such length, in what approaches a primer, might serve to suggest that the court has a message—don't trust this defendant. It is one thing to note for a jury a check list of possible credibility considerations; appearance and manner of testifying, candor, memory, interest, etc. It is another to dwell in this detail.

On the assumption that there was a proper objection, and that there was, in fact, error, as previously stated at least the member who believes defendant adequately saved his rights considers that, on the record as a whole the error was harmless. We, accordingly, unanimously affirm.