**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Earnest JOHNSON, Defendant-Appellant.**

**No. 73–1546**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

July 19, 1973.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

John T. Chason, court-appointed, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., William P. Gaffney, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Earnest Johnson appeals from his conviction for the distribution of heroin, 21 U.S.C. § 841(a)(1). We find no merit in Johnson's appellate contentions that he was entrapped and was a mere conduit rather than a distributor. We affirm.

These are the facts. As two undercover police officers and two informants were riding in an automobile in Atlanta, Georgia, one of the informants, a female, recognized Johnson who was standing near a street intersection and directed the officer driving to stop. All four of the occupants in the vehicle remained seated while Johnson approached the driver's side where the window had been lowered. A short conversation ensued between the female informant and Johnson, during which she asked whether Johnson "had anything." Johnson stated he didn't "have anything" at the time, but added, "Come back later and meet me." Approximately an hour later the officers and informants drove to the shopping plaza specified by Johnson where they found Johnson waiting. Again he approached the automobile and addressed the female informant. A short discussion resulted in the establishment of the price for the purchase of the narcotics—65 dollars, per half load (15 bags of heroin). Johnson asked the undercover officer to advance him the money to buy the heroin; when the officer refused to part with his money before receiving the goods, Johnson indicated he was only going a short distance. The officer then agreed to advance the money, handed Johnson 70 dollars, and received 5 dollars change from him. Johnson walked a short distance and then was approached by three or four unidentified males; an exchange of an undetermined amount of money took place. Following this brief encounter Johnson walked to the passenger side of a blue Dodge parked about forty feet in front of the officer's automobile. An exchange of items took place. Johnson came directly back to the undercover vehicle and gave the undercover officer a package of small glassine envelopes, which were later determined to contain heroin.

Johnson's first contention is that he was entitled as a matter of law to a judgment of acquittal based on his defense of entrapment. The facts here evidence a ready, willing predisposition on Johnson's part to distribute heroin. Viewing Johnson's case as sympathetically as possible, the most can be said is that perhaps the evidence presented a question requiring jury resolution. The jury having resolved the factual dispute against him, there it ends.

Johnson's second contention is that he was nothing more than a procuring agent, a mere conduit through whom the drugs passed. Relying on cases such as Adams v. United States, 220 F.2d 297 (5th Cir. 1955), and United States v. Sawyer, 210 F.2d 169 (3rd Cir. 1954), he argues that the jury should have been instructed that a procuring agent could not be guilty of the crime charged. This argument has no merit. The rule announced in the cases cited and the other case he relies upon dealt with the prose-

cutions for the "sale" of narcotics. *See Coronado v. United States*, 266 F.2d 719 (5th Cir.), cert. denied, 361 U.S. 851, 80 S.Ct. 112; 4 L.Ed.2d 90 (1959). Johnson was not charged with *sale*. Rather, he was charged under the provisions of the Comprehensive Drug Abuse Prevention and Control Act of 1970, which make it unlawful to knowingly and intentionally *distribute* heroin. According to the statutory definition "distribute" means "to deliver . . . a controlled substance", 21 U.S.C. § 802(11). Moreover, the statute defines "deliver" as the "transfer of a controlled substance, whether or not there exists an agency relationship", 21 U.S.C. § 802 (8). Johnson's actions, whether or not they could support a conviction for sale of heroin, are clearly within the scope of the statutory definition of distribution. Thus the argument advanced by Johnson, based as it is upon the requirement of the prior law that the government prove the defendant to be a seller, has no application to the prosecution for distribution of heroin *sub judice*. *See* United States v. Workopich, 479 F.2d 1142 (5th Cir. 1973).

Affirmed.