**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Rickey Lee MILLER, Defendant-**
**Appellant.**

**No. 73-1741**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1973.

Oze R. Horton, Hapeville, Ga. (court appointed), for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Eugene A. Medori, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

\* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Rickey Lee Miller was on October 30, 1972, indicted by a Northern District of Georgia grand jury under two counts for violation of Title 21, U.S.C., Section 841(a)(1), knowingly and intentionally distributing certain quantities of heroin hydrochloride, a Schedule I narcotic drug controlled substance, on two occasions in September 1972. It was then discovered that appellant was born on December 18, 1954, and was therefore 17 years of age at the time the offenses were allegedly committed. On March 8, 1973, after explanation of his rights and upon appellant's signed request to be proceeded against as a juvenile delinquent under Title 18, U.S.C., Section 5031 et seq., an information was filed charging him with juvenile delinquency by knowingly and intentionally distributing .54 grams and 4.31 grams of a Schedule I controlled substance on September 24 and 29, 1972. Miller was tried on these charges upon his plea of not guilty before Judge Freeman of the District Court. The court returned a verdict of guilty for the offense of violating the Federal Juvenile Delinquency Act, Title 18, U.S.C., Section 5032, and imposed a custodial sentence of two years, from which this appeal is taken. We find no merit in either contention raised by appellant and affirm.

■ Miller's first assignment of error is that he was entrapped into committing acts which he was not predisposed to commit because of improper inducements by a government agent and an undercover informer working with the agent. Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; United States v. Groessel, 5 Cir. 1971, 440 F.2d 602, 605. The issue of entrapment once it has been sufficiently raised is a question for the trier of fact. Here the trial judge was the fact finder and has resolved this proffered defense against the appellant. Under the facts below we find no error in the court's determination of disputed facts in favor of the government, despite conflicting evidence introduced by the appellant. Glasser v. United States, 1940, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. The evidence was clearly sufficient to support a view that the government agents merely provided Miller with an opportunity to violate the law, which opportunity he readily accepted on two occasions.

■ Appellant's next contention is that he merely acted as the agent of the government officer and informer in securing the heroin and therefore could not be guilty of knowingly and intentionally distributing it in violation of Section 841(a)(1). This contention fails in the light of the definition by Title 21, U.S.C., Section 802(11) of the term "distribute" as meaning "to deliver (other than by administering or dispensing) a controlled substance." Section 802(8) further defines "delivery" as meaning the actual, constructive, or attempted transfer of a controlled substance, whether or not there exists an agency relationship. We think it clear that by the passage of the Drug Abuse Prevention and Control Act, Title 21, U.S.C., Sections 801–966, Pub.L. 91–513, October 27, 1970, 84 Stat. 1242, the Congress in its broadening of the drug control laws intended to nullify an agency theory of defense with respect to the distribution of controlled substances prohibited by Title 21, U.S.C., Section 841(a)(1). See United States v. Workopich, 5 Cir. 1973, 479 F.2d 1142, Part III; United States v. Johnson, 5 Cir. 1973, 481 F.2d 645.

■ The trial judge properly found the appellant Rickey Lee Miller to be a juvenile delinquent in connection with his two distributions of drugs in this case.

Affirmed.