UNITED STATES of America,
Plaintiff-Appellee,

v.

William David ROSE, Defendant-Appellant.

No. 73–1702
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 1973.

Herbert T. Schwartz, Gainesville, Fla. (Court-appointed), for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Robert L. Crongeyer, Jr., Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

In this case, a jury convicted William David Rose on two counts of the knowing and intentional distribution of Schedule II and III drugs in violation of 21 U.S.C. § 841(a)(1).

■■ Viewing the evidence most favorably to the government, it was clearly shown that Rose wilfully aided and abetted one James Bryant in the actual distribution of the illegal products. The trial record is really devoid of any element of entrapment. Moreover, had such been the case, Rose took the witness stand and denied any participation whatsoever in the transaction. A directed verdict of not guilty could not have been justified.

Although himself denying any personal participation in the actual distribution of the contraband, Rose argued below and argues here that the proof offered on behalf of the government showed that his alleged participation was an "agent of the undercover government agent", who actually acquired the

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

drugs. Unfortunately, it was Rose who first approached the undercover agent and inquired as to whether he would like to purchase some high quality cocaine or speed. This inquiry resulted in the visit to Bryant and the illegal distribution. This consideration aside, this is a distribution case and the appellate argument is crushed beneath the weight of our recent decisions in United States v. Johnson [opinion dated July 19, 1973] 481 F.2d 645, and United States v. Miller [opinion dated August 6, 1973] 483 F.2d 61.

The judgment of conviction is

Affirmed.