**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Burt McCRAY, Defendant-Appellant.**

No. 73–1458

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 23, 1973.

Certiorari Denied Oct. 23, 1973.
See 94 S.Ct. 300.

Charlene H. Sorrentino, Federal Public Defender, Miami, Fla. (Court appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Michael P. Sullivan, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

AINSWORTH, Circuit Judge:

Burt McCray was indicted on October 16, 1972 on two counts relating to narcotics violations. One count charged him with aiding and abetting in the possession of heroin with intent to distribute it, and the second count charged him with aiding and abetting in the distribution of heroin, in violation of 21 U.S.C. § 842(a)(1)[1] and 18 U.S.C. § 2.[2] The case was tried before the district judge without a jury. Because the district judge found that there was reasonable doubt that McCray had the right to exercise dominion and control over the

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. Section 842(a) (1) reads as follows:
 (a) It shall be unlawful for any person—
 (1) who is subject to the requirements of part C to distribute or dispense a controlled substance in violation of section 829 of this title . . . .

2. Section 2 reads as follows:
 (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
 (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

heroin, he acquitted him on the first count. McCray was found guilty, however, of the second count, and sentenced to fifteen months' imprisonment plus three years' parole. We affirm.

■ The essential facts are clear. McCray himself testified that he helped an undercover agent, Detective Lindsay, not then known to appellant to be a police officer, purchase heroin from a drug dealer, Wackenhut. McCray participated by directing Wackenhut to Lindsay and by instructing Wackenhut to supply Lindsay with the heroin Lindsay wanted.[3]

■ Appellant contends that he committed no crime, apparently on the theory that he did not have a financial interest in the transaction and did not possess or control the heroin. Appellant relies on a number of cases decided under a prior statute dealing with the "sale" of narcotics. *See, e. g.*, Henderson v. United States, 5 Cir., 1959, 261 F.2d 909; Adams v. United States, 5 Cir., 1955, 220 F.2d 297; United States v. Sawyer, 3 Cir., 1954, 210 F.2d 169. But as we explained most recently in United States v. Johnson, 5 Cir., 1973, 481 F.2d 645, the rule of law has changed since those cases. It is now illegal to aid and abet in the distribution of heroin without regard for whether the defendant actually performed the act of sale. The Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 802(8), 802(11), defined "distribute" as "to deliver" and "deliver" was defined as the "actual, constructive, or attempted transfer of a controlled substance, whether or not there exists an agency relationship." *See also* United States v. Workopich, 5 Cir., 1973, 479 F.2d 1142. In United States v. Anthony, 5 Cir., 1973, 474 F.2d 770, we explained the definition of an aider and abettor: "Aiding and abetting means to assist the perpetrator of the crime. . . . To be an aider and abettor requires that a defendant 'associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seeks by his action to make it succeed.'" Here McCray actively participated with a desire to see the crime of distributing heroin succeed.

When defendant McCray told the district judge that he did not feel guilty of the crime charged, the district judge correctly pointed out that aiding and

---

3. McCray testified as follows:

Q. What, exactly, did happen between you and Detective Lindsay?

A. Well, when I come inside of the Paradise he was sitting at the restaurant part in the Paradise and as I walked in, I was going to order a sandwich and he asked me did I know where he could purchase some heroin.

I told him I didn't have any; I know where he could get some.

I went outside and got Wackenhut and when I come back inside, Wackenhut asked him how much did he want and he said two bags, and—

Q. You came back inside?

A. Yes.

Q. Did you introduce Wackenhut to the agent, Detective Lindsay?

A. No, I didn't.

Q. What happened when you came inside?

A. When I come inside we walked over to Detective Lindsay and Wackenhut asked him what did he want. He said he wanted three bags. I said, "Just give him what he wants," and in the process of Wackenhut giving it to him, I walked off.

I didn't even see them—whether he gave him the money or not.

Q. When you first went outside, after Detective Lindsay asked you whether you could get some heroin for him, and you went outside, did you have any conversation, at that time, with Wackenhut?

A. I told him someone inside wanted some.

Q. Did you tell him what he wanted?

A. Yes.

Q. What did you say to him?

A. I said, "Wackenhut, somebody inside wants some heroin," and we walked back in there together.

abetting, as well, constituted a violation of the law.[4] There is sufficient evidence to support the district judge's finding that defendant McCray was guilty on count two in the indictment.

Affirmed.

4. The district judge responded as follows to McCray's comment that he did not feel guilty:

THE COURT: It is because you don't understand the law. You really came here and told the Court, Mr. McCray that you did violate the law. You went out and arranged for a fellow to come in and sell some heroin.

Now, you are under the impression that you have to be the seller. You don't have to. If you just help the other fellow by getting them together and arranging the thing, if you don't get a nickel, you are still guilty of this charge, and that's what you don't understand.

You just don't go around finding heroin for people, because it is against the law, even if you think that it is often done. It is against the law.

There is no question but that you helped this fellow Wackenhut at least give or turn over to another fellow, three bags of heroin, because you admit that, you see.