**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Garry Michael FLETCHER, Defendant-**
**Appellant.**

**No. 73-1679.**

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 1973.

Timothy N. Skidmore, Rick Sexton, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., P. Bruce Kirwin, Anthony M. Arnold, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and RONEY and GEE, Circuit Judges.

PER CURIAM:

Garry Michael Fletcher appeals his conviction of three counts of violating Title 21, Sections 841(a)(1) and 846, U. S.C., charging conspiracy to possess with intent to distribute, aiding and abetting possession with intent to distribute, and aiding and abetting distribution of Methyl-Dioxy Amphetamine, a controlled substance. We affirm.

Fletcher's major complaint is that he was entrapped, persuaded—indeed, well-nigh coerced—into committing the offense by government enforcement agents and informers. And the record does reveal a persistent course of importuning by the government informer, Park, directed at Fletcher and the discovery of his drug source. Other evidence which the trier of fact heard indicated that Fletcher had abandoned drug dealing after an earlier arrest; had persisted for months in his refusal to return despite pressure from Park and from his source, to whom he owed substantial sums of money; and had only yielded at last because of his fear of both, selling Park a small amount which resulted in this proceeding.

Unfortunate for Fletcher's appeal, however, is the existence in the record of further evidence that Fletcher in fact initiated the sale for which he was convicted by obtaining the amount sold, contacting Park regarding it, distributing it and promising further, larger sales.

■ An issue was thus presented concerning Fletcher's predisposition to the crime. United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). The issue was resolved by the trier of fact against Fletcher. This conclusion, supported by adequate evidence, we neither can nor should disturb.

■ Fletcher asserts, in addition, that the "procuring agent" defense [1] was established as a matter of law. Whether it was or not need not concern us; this defense negatives "sale," and since 1971 the question is not "sale" but "distribution." Fletcher's offense took place in 1972. See United States v. Johnson, 481 F.2d 645 (5th Cir., 1973); United States v. Miller, 483 F.2d 61 (5th Cir., 1973); United States v. Rose, 484 F.2d 654 (5th Cir., 1973).

■ Finally, Fletcher points to arguable defects or, at any rate, opportunities for tampering in the chain of custody of the contraband material: the material was not always firmly sealed, and at least fifteen persons had access to the evidence room where it was kept. These objections go to the weight, not the admissibility, of the evidence, as has been held in far more extreme situations. Williams v. United States, 381 F.2d 20 (9th Cir., 1967).

Affirmed.

---

1. The "procuring agent" defense, as enunciated in United States v. Sawyer, 210 F. 2d 169 (3d Cir., 1954), was adopted by this Circuit in Adams v. United States, 220 F. 2d 297 (5th Cir., 1955) and Henderson v. United States, 261 F.2d 909 (5th Cir., 1958) within the limited context of prosecutions under 21 U.S.C. § 174, now repealed by the Comprehensive Drug Abuse Prevention and Control Act of 1970.