**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**John DOE, a/k/a D. J.,**
**Defendant-Appellant.**

**No. 73-2408**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Nov. 15, 1973.

George Gold, Miami, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Sam A. Alter, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

Indicted as John Doe, a/k/a D. J., David Lee Jones after a court trial was convicted and sentenced[1] under Count II of an indictment under Title 21, U.S.C., Section 841(a)(1) and Title 18, U.S.C., Section 2, for distributing about 2 grams of cocaine. The trial judge found Jones not guilty under Count I of the indictment which charged knowing and intentional possession with intent to distribute about 2 grams of cocaine in violation of Title 21, U.S.C., Section 841(a)(1) and Title 18, U.S.C., Section 2. We find no merit in the three questions raised by Jones on appeal, and affirm.

The first error alleged is the claimed inconsistency in the court's finding the appellant guilty of distributing the 2 grams of cocaine involved while acquitting him of possession with intent to distribute. Jones urges that the deficiency in the government's proof which required acquittal under Count I would also apply to Count II. This argument overlooks the fact that the trial court found that Jones aided and abetted in the distribution of the cocaine (Title 18, U.S.C. Section 2) not that he actually distributed it. Quite simply put the trial court did not find that the defendant possessed but only that he aided in the distribution of the 2 grams of cocaine. A like contention was held by us to be without merit in United States of America v. McCray, 5 Cir. 1973, 482 F.2d 286 [decided July 23, 1973] with respect to identical charges of aiding and abetting in the possession with intent to distribute heroin and aiding and abetting in the distribution of heroin, in violation of the same two criminal statutes, Title 21, U.S.C., Section 841(a)(1) and Title 18, U.S.C., Section 2.

Jones' next contention that he was simply a buyer's agent is also rejected under two recent decisions by this Court. See United States of America v. McCray, supra, and United States of America v. Miller, 5 Cir. 1973, 483 F.2d 61 [decided August 6, 1973].

Finally, Jones urges that the evidence showed that he was the victim of entrapment by the government agent. The trial court sitting without a jury found that the defendant and not the government initiated the conversations as to the possibility of the sale or distribution of narcotics. While the evidence was such as to entitle Jones to an instruction on the defense of entrapment if the trial had been a jury trial, we do not consider that the conduct of the government agents was so outrageous or that there was such an intolerable degree of government solicitation or participation in this case as to constitute entrapment as a matter of law. United States v. Russell, 1973, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366; United States v. McCray, supra.

Affirmed.

---

1. For treatment and study pursuant to the provisions of Title 18, U.S.C., Chapter 311, Section 4208(b)