**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Earl Bobby BETNER, Defendant-Appellant.**

**No. 73–1986.**

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1974.

Joseph E. Wilkerson, Atlanta, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Eugene A. Medori, Jr., Anthony M. Arnold, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before RIVES, WISDOM and MORGAN, Circuit Judges.

RIVES, Circuit Judge:

Betner was adjudged guilty on a jury's verdict after trial under an indictment which charged that he "knowingly and intentionally did unlawfully distribute about 4.75 grams of heroin hydrochloride, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)."

Since the indictment charged unlawful distribution, it did not require proof that Betner sold or aided and abetted in the sale of the heroin. United States v. Johnson, 5 Cir. 1973, 481 F.2d 645, 647. The evidence was sufficient to support the jury's verdict.

Nonetheless, the case must at least be remanded because the district court failed to conduct a full and thorough investigation before ruling on the objection of Betner's counsel to the panel of jurors selected to try the case. The objection was based on a conversation between members of the jury panel and a member of the United States Attorney's staff.

The pertinent part of the written record is extremely brief, consisting entirely of the following:

"MR. WILKERSON [Betner's Attorney] : I would also like to enter an objection to the present panel of jurors based on the fact for the past recess the District Attorney's office has had opportunity to discuss and converse with the jurors, thereby prejudicing them against the defendant.

"MR. GAFFNEY [Assistant U. S. Attorney who prosecuted Betner]: I have been in my office during the entire period.

"THE COURT: Motion overruled. I assume that the conversation Mr. Smith [Assistant U. S. Attorney who prosecuted an earlier case] had has been with respect to the results of the previous case.

"MR. SMITH: That is what we have been discussing. This case wasn't mentioned at all to anyone to my knowledge. As a matter of fact I don't even know, I know Mr. Saganar [Attorney for a codefendant of Betner], this case was not mentioned at all, the other case was discussed or the one which they were on.

"THE COURT: * * * Okay, bring in the panel.

"MR. WILKERSON: I want to make sure—

"THE COURT: If it's of any assistance I will submit to counsel for the defendant my list of the jurors in the Elizabeth Faye Jones case. Do you want that?

"MR. WILKERSON: I'd like to make sure it's entered in the record my objection.

"THE COURT: I think the reporter just took it down.

"(Whereupon, the jury panel was brought into the courtroom.)" (R. pp. 5–6.)

The peremptory and almost casual overruling of Betner's objection to the panel of jurors may be supplemented by the statements of his appointed counsel

both in brief and upon oral argument. In brief counsel stated:

"Appellant submits that on the 16th day of March, 1973, a U. S. Attorney, M. Robert L. Smith, without permission or direction of the Court, conversed and fraternized with members of a jury outside the hearing of the Court for an extended period of time during a one and one half hour recess; these said jury members being about to be seated for the trial of the Appellant herein. Counsel for Appellant objected to these prospective jurymen being seated, stating in open court that they had been prejudiced against the Defendant Betner, Appellant herein. [Page 5 of Transcript, Lines 2–18]. Said motion was overruled by the Court. The Appellant now appeals that ruling.

"It is the contention of the Appellant that the fraternizing by the U. S. Attorney's office with the jury created, intentionally or unintentionally, a relationship or common ground between the office of the U. S. Attorney and the jurors. Further, that this fraternizing and conversation created a spirit of friendship and cooperation between the office of the U. S. Attorney and the jurors and that this resulted in prejudice to the Appellant herein.

"As a result of the conversation and fraternization as set out above, said conduct being admitted by the U. S. Attorney's office [Page 5 of Transcript, Lines 10–18] the Appellant's trial was unduly and unnecessarily prejudiced * * *."

The appellee's brief took the following position:

"Defense counsel was content to let the matter rest there, and sought no clarification of the alleged extraneous transaction. The Court asked all counsel if there were any questions that should be propounded to the jury 'touching on its legal qualifications.' (R. 7). The panel roll was called and a jury was selected, without appel-

lant's counsel seeking any inquiry into the possibility that any members of the jury had spoken with Mr. Smith. Mr. Smith had stated that the substance of his remarks had been addressed towards the Elizabeth Faye Jones case, and nothing else. The defense made no effort to obtain the list of jurors in that case, which the Court offered. (R. 6)."

Upon oral argument appellant's counsel challenged that position and insisted that the jury was chosen prior to the long recess, and that government counsel conversed and fraternized with members of the jury during most of that period.

Appellee's counsel on oral argument conceded that he had not participated in the trial and had no knowledge or information other than that disclosed by the record. Apparently that is true also of counsel who prepared the appellee's brief. In view of the ambiguous state of the record, and the failure of appellee to challenge the statements of appellant's counsel, we have no reason to doubt the accuracy of those statements and accept them.

■ The district court's investigation went no further than to ascertain that the case on trial was not mentioned. This was insufficient. True, in Remmer v. United States, 1954, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (rehearing granted, 1955, 348 U.S. 904, 75 S.Ct. 288, 99 L.Ed. 710), the conversation was "with a jury during a trial about the matter pending before the jury." 347 U.S. at 229. On the other hand, in Turner v. Louisiana, 1964, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424, the Court reversed the judgment of conviction and remanded the case even though there was "no showing that either deputy had talked with any member of the jury about the case itself." 379 U.S. at 469, see also p. 473. In Pekar v. United States, 5 Cir. 1963, 315 F.2d 319, it was "not contended that the attorney mentioned the case on trial," 315 F.2d 320, but this Court held it reversible error for the district court to deny the defendant's motion for mistrial because

during a recess an Assistant United States Attorney conversed with a juror about the juror's bonding business. There, Judge Tuttle, writing for this Court, said:

"* * * the language used by the Supreme Court in Mattox v. United States, 146 U.S. 140, at page 150, 13 S.Ct. 50, at page 53, 36 L.Ed. 917, sets the standard. 'Private communications possibly prejudicial, between jurors and third persons, or witnesses, or the officer in charge, are absolutely forbidden, and invalidate the verdict, at least unless their harmlessness is made to appear.'"

315 F.2d at 322.

■ Of course, however, each case must depend upon its own facts. We do not set down a rigid per se rule automatically requiring the reversal of a conviction for any communication between jurors and attorneys or other third persons. Compare Gonzales v. Beto, 1972, 405 U.S. 1052, 1054, 92 S.Ct. 1503, 31 L.Ed.2d 787, Justice Stewart concurring.

In the present case, as in *Remmer, supra*, 347 U.S. at 229, "We do not know from this record * * * what actually transpired, or whether the incidents that may have occurred were harmful or harmless." In such a case we think the rule should be the same, however the claimed error may be preserved—that is, by objection to the jury panel, by motion for mistrial, by motion for new trial, or otherwise. We should "require such further proceedings to be had as may be just under the circumstances." 28 U.S. C. § 2106.

The duty of the trial court at the time when jury misconduct is alleged was well stated by Judge Goldberg speaking for the majority in United States v. McKinney, 5 Cir. 1970, 429 F.2d 1019, 1026:

"Implicit in these cases is the assumption that when jury misconduct is alleged in the defendant's motion for new trial, the trial judge has a duty to take the following actions: he must conduct a full investigation to ascertain whether the alleged jury misconduct actually occurred; if it occurred, he must determine whether or not it was prejudicial; unless he concludes that it was clearly not prejudicial, he must grant the motion for new trial; if he concludes that it did not occur or that it was clearly not prejudicial, he must spell out his findings with adequate specificity for meaningful appellate review."

In that case we remanded the case to the district court with specific directions for an evidentiary hearing and adequate fact findings.

■ In the present case only three witnesses testified on behalf of the Government, an FBI chemist and two members of the Atlanta Police Department. So far as we are advised all three would be available for another trial. No witness was offered on behalf of Betner. The transcript of testimony comprises only 216 typed letter size pages. After so many months of delay, the type of evidentiary hearing which should have been held when the objection was made at Betner's trial on March 16, 1973 would consume a long time, involve many witnesses, some of whom would probably have dim recollections, and lead to a result which would be open to further controversy. Other reasons also make reversal and remand for a new trial the more appropriate remedy. A new trial will obviate the possibility of the additional appeal envisioned by Judge Godbold dissenting in *McKinney, supra*, 429 F.2d at 1033, and will moot any doubt about the fairness of Betner's trial.

The judgment of conviction is therefore reversed and the case is remanded for a new trial.

Reversed and remanded.