UNITED STATES of America,
Plaintiff-Appellee,

v.

Gregorio Torregrosa CASTRO and Luis
Alberto Rosero-Rosero,
Defendants-Appellants.

No. 75–3717
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 13, 1976.

Marvin O. Teague, Houston, Tex., for defendants-appellants.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, George A. Kelt, Jr., James R. Gough, Jr., Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellants, Gregorio Torregrosa Castro[1] and Luis Alberto Rosero-Rosero, were convicted after a nonjury trial of separate counts of importing and possessing with intent to distribute approximately 1,153 grams of cocaine, in violation of 18 U.S.C. § 2 (aiders and abettors liable as principals) in conjunction with 21 U.S.C. §§ 952(a) and 960(a)(1) (importation) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute). Each appellant was sentenced to five years' imprisonment, to be followed by a special parole term of three years on each count. The sentences were to run consecutively. In each case, the execution of the sentence on the importation count was suspended, subject to a five-year probation without supervision and a special probation condition that neither defendant enter the United States legally or illegally once they were deported by the Immigration and Naturalization Service. Both appellants challenge their importation convictions, but only Rosero-Rosero contests his conviction under the possession with intent to distribute count.

The only issue on appeal is the sufficiency of the evidence to support the convictions.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

1. Appellant Gregorio Torregrosa Castro is also referred to in the record on appeal as Gregorio Castro Torregrosa. Following the appellants' practice in their brief, we refer to him using the name Torregrosa.

Viewing the evidence in the light most favorable to the Government, in accordance with *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1941), we conclude that it was sufficient, since "a fairminded and reasonable trier of fact [could have accepted] the evidence as probative of defendant's guilt beyond a reasonable doubt." *In re Joyce*, 5 Cir., 1975, 506 F.2d 373, 376; *see Gordon v. United States*, 5 Cir., 1971, 438 F.2d 858, 868 n. 30.

The appellants were apprehended on May 2, 1975 in the vicinity of the Colombian vessel *Rio Soldana*, which had recently arrived in Houston, Texas. Two United States Customs agents had received information from the National Crime Information Center indicating that four of the persons whose names were on the vessel's crew list had previously been suspected of dealing in narcotics. Acting on this information, the agents proceeded to Wharf 4, where the *Rio Soldana* was docked. At approximately 4:30 p. m., they passed through the gate providing access to the wharf, and proceeded toward the ship, which was the only vessel on the wharf at the time. When the agents observed the two appellants coming toward them from the direction of the ship, they approached them to determine whether their names matched those on the list of prior suspects. Both appellants began to flee, but stopped when they were commanded to halt at gun point. As Torregrosa fled, one of the agents observed him throw a dark package to the ground, and a second similarly wrapped package was subsequently found in retracing the path of his flight. Tests determined that the packages contained cocaine, and the quantity involved had an estimated street value of approximately $250,000.

Rosero-Rosero was a member of the *Rio Soldana's* crew,[2] and Torregrosa had lived in the Houston area for approximately five years. At the time of their arrest, the appellants disclaimed prior acquaintance, alleging that their meeting on the dock was entirely fortuitous. However, a search of Rosero-Rosero at a Customs office disclosed a telephone and address book in his shirt pocket and a piece of paper in his wallet, both containing the name and address of Torregrosa. The telephone records of Torregrosa indicated numerous long-distance calls, many of which were placed to Rosero-Rosero's home town in Colombia. There was also evidence to the effect that appellants had been seen together prior to the arrest when Rosero-Rosero purchased a battery and some brake fluid. In his findings of fact, the trial judge went into considerable detail explaining why the demeanor of the appellants at trial reinforced his conclusion that they were both involved as principals in a carefully planned importation scheme and were both guilty of possession with intent to distribute. Under the circumstances, we conclude that the trial judge was warranted in disbelieving the appellants' version of the events surrounding their arrest, and that there was sufficient evidence to support their convictions.

AFFIRMED.

---

2. He was not, as it turned out, one of the four suspect crew members for whom the agents were checking.