UNITED STATES of America, Plaintiff-Appellee,

v.

Frank Steve LEGEZA, Jr., Defendant-Appellant.

No. 77–5072

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1977.

---

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Albert R. Huerta, Juan P. Gonzalez, Corpus Christi, Tex., for defendant-appellant.

James R. Gough, U. S. Atty., George A. Kelt, Jr., Asst. U. S. Atty., Houston, Tex., Robert Berg, Asst. U. S. Atty., Corpus Christi, Tex., Mary L. Sinderson, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Defendant Frank Steve Legeza, Jr. and a passenger were stopped for a citizenship check at the permanent border checkpoint south of Falfurrias, Texas. A border patrol agent smelled marijuana, searched the car, and found in the trunk and behind the backseat pillowcases containing marijuana bricks totalling 99 pounds in weight. Defendant was arrested and convicted of possession of marijuana with intent to distribute. 21 U.S.C.A. § 841(a)(1).

■ This Court has repeatedly held that the Falfurrias checkpoint is permanent, that citizenship stops there do not offend the Fourth Amendment, and that the odor of marijuana provides sufficient probable cause to justify searching a movable vehicle there. *See, e. g., United States v. Rodriquez*, 556 F.2d 277 (5th Cir. 1977); *United States v. Cantu*, 555 F.2d 1327 (5th Cir. 1977); *United States v. Andrade*, 545 F.2d 1032 (5th Cir. 1977); *United States v. Diaz*, 541 F.2d 1165 (5th Cir. 1976). The defendant's arrest after some marijuana was found but before the search was completed did not require the suppression of other marijuana subsequently discovered in the automobile. *Texas v. White*, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975) (*per curiam*); *United States v. Mitchell*, 538 F.2d 1230 (1976) (*en banc*), *cert. denied*, 430 U.S. 945, 97 S.Ct. 1578, 51 L.Ed.2d 792 (1977).

■ The evidence was sufficient to justify the trial judge in excluding every reasonable hypothesis of innocence and concluding beyond a reasonable doubt that Legeza was guilty of possession with intent to distribute. At trial he denied the vehicle was his, and said he had come from Ohio to Texas for a wedding, and was returning the car to Ohio for a friend's relative. He testified he was unaware of the contraband. Under cross-examination, however, he said he knew the pillow cases "felt funny," that they were "hidden in the seats," and that the person who provided him the car "was using us to try to get a fast one by." His disclaimers were further impeached by forewarned statements he made at the time of arrest that a man he met in a bar had paid him $500 to drive the car to Ohio. As the driver of the car, he had sufficient dominion and control to possess the marijuana, *United States v. Rodriquez, supra*, 556 F.2d at 278 and under the circumstances the trial judge was justified in disbelieving his claim of ignorance and finding he had the requisite intent to distribute. *See United States v. Castro*, 531 F.2d 739, 740 (5th Cir. 1976); *cf. United States v. Fletcher*, 487 F.2d 22 (5th Cir. 1973), *cert. denied*, 416 U.S. 958, 94 S.Ct. 1974, 40 L.Ed.2d 309 (1974) (no "purchasing agent" defense under § 841(a)(1)).

AFFIRMED.