**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Doyle Kent OGDEN,**
**Defendant-Appellant.**

No. 77–5245
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 4, 1978.

Rehearing Denied May 30, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

502

Ray Gene Smith, Wichita Falls, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., John M. Potter, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Doyle Kent Ogden was convicted of possession of marijuana with intent to distribute. 21 U.S.C. § 841(a)(1). This is a companion case to *United States v. Rankin*, 5 Cir., 1978, 572 F.2d 503, decided today. Defendant Ogden was represented by the same counsel as Rankin, and the first three contentions on appeal are identical to those raised by Rankin and which we have held to be without merit. Separate treatment of the speedy trial, refusal to plea bargain, and the conduct of voir dire issues is accordingly unnecessary. Defendant Ogden urges that the bricks of marijuana should have been excluded from evidence as the fruit of an illegal search, and that his post-arrest statements should not have been admitted because they were coerced. Finding both of these contentions entirely unconvincing, we affirm.

At 6 a. m. on March 9, 1976, David Rankin, the defendant in the companion case, was stopped at the permanent checkpoint seven miles south of Falfurrias, Texas. Af-ter the Border Patrol agent detected the odor of marijuana, Rankin's trunk was searched, and marijuana found. Only twenty-five minutes later defendant Ogden was stopped at the checkpoint. Like Rankin's vehicle, Ogden's car had an Oklahoma license plate in the rear, and a Fort Sill sticker. The Border Patrol agent noticed that defendant Ogden's vehicle contained an air-freshener, but nevertheless the agent smelled marijuana. The agent asked defendant to open the trunk, but defendant refused, insisting on his right to a lawyer, and a struggle ensued while the agent took the keys from him. Marijuana bricks were found in the trunk.

Defendant was handcuffed, taken into custody along with Rankin, and given the *Miranda* warnings. While still handcuffed, defendant Ogden declared that he was the main trucker for the Oklahoma people, that he was going to be paid $8,000 to deliver the marijuana, and that he was going to pay Rankin $1,000 for his help in transporting the contraband.

 It is apparent from the foregoing facts that the search in this case was lawful. The agent's identification of the odor of marijuana is enough to support probable cause to search. *See, e. g., United States v. Villarreal*, 5 Cir., 1978, 565 F.2d 932, 937. No warrant is required for the search of an automobile under such circumstances. *See United States v. Legeza*, 5 Cir., 1977, 559 F.2d 441; *United States v. Mitchell*, 5 Cir., 1976 (en banc), 538 F.2d 1230, 1232–33, *cert. denied*, 430 U.S. 945, 97 S.Ct. 1578, 51 L.Ed.2d 792 (1977).

 There was no error in the admission of defendant's post-arrest inculpatory statements. The fact that defendant was wearing handcuffs does not indicate or even suggest that he was coerced. Although defendant asked for his lawyer when he refused to open the trunk, he had not at that time been taken into custody or given the *Miranda* warnings. After he was given the *Miranda* warnings, defendant indicated that he understood them, but nevertheless he chose to inculpate himself. There was no

evidence that defendant's decision to speak was anything but voluntary. *Cf. United States v. Cavallino,* 5 Cir., 1974, 498 F.2d 1200, 1202 (where the court found that a defendant who had asked for an attorney after receiving the *Miranda* warnings had voluntarily changed his mind and chosen to speak without an attorney present).

AFFIRMED.