# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2026

Lyle W. Cayce
Clerk

No. 24-50925

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID DAVALOS,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CR-378-1

_____

Before SMITH, STEWART, and HAYNES, *Circuit Judges*.

JERRY E. SMITH, *Circuit Judge*:

David Davalos, charged with possession of a firearm by a convicted felon, challenges the denial of his motion to suppress evidence from a warrantless search of his car parked in the driveway of the fenceless home that he shared with his parents. Exigent circumstances justified the search, and an officer gathered sufficient facts to establish probable cause to search the car, which contained marihuana and a firearm. Because the officer's conduct did not run afoul of the Fourth Amendment, we affirm.

No. 24-50925

I.

A state trooper observed Davalos commit a traffic violation by failing to signal a lane change. As the officer initiated a traffic stop by activating his lights, Davalos pulled into the driveway of his home and parked his car.

The driveway was beside the home. A public sidewalk ran in front of the house but stopped at the edge of the driveway. There were no fences or gates surrounding the house.

The officer parked his patrol vehicle on the street in front of Davalos's driveway, blocking Davalos's car from leaving. After getting out of his patrol vehicle, the officer instructed Davalos to do the same and walk to the street. Davalos complied, leaving the driver's side door open. The officer informed Davalos that he had failed to signal.

For his own safety, the officer walked to Davalos's car to verify that no one was inside. He could not see into Davalos's car because it had tinted windows. After knocking on the back left passenger side window to alert potential occupants of his presence, the officer walked to the open driver's side door to look inside. At that point, he smelled marihuana, saw ashes throughout the car, and noticed that the driver's side door had been tampered with, *i.e.*, that the panel had been taken off and put back on.

The officer returned to the street and asked Davalos to retrieve his driver's license and proof of insurance. They both walked to Davalos's car. While Davalos looked for his documents, the officer again smelled marihuana and noticed ashes and that the door panel that had been tampered with. The officer told Davalos that he smelled marihuana inside Davalos's car and asked him when he had last smoked. Davalos responded that he had just smoked. When the officer asked whether Davalos "had anything on him," Davalos replied that he had "a little bit of weed" in his pocket. Because of the odor of marihuana, Davalos's admission that he had recently smoked

2

marihuana, and Davalos's possession of marihuana in his pocket, the officer informed Davalos that he would search his car. The search resulted in the discovery of marihuana and a firearm in the door panel.

## II.

Davalos was charged with possession of a firearm by a convicted felon. Before trial, he moved to suppress all evidence seized in connection with a warrantless search of his car while it was parked in the driveway of the house that he shared with his parents. Relying on *Collins v. Virginia*, 584 U.S. 586 (2018), and *Florida v. Jardines*, 569 U.S. 1 (2013), Davalos claimed the car was within the curtilage of his house and thus was entitled to the same Fourth Amendment protections. Davalos additionally asserted that no exigent circumstances justified the search.

Following a suppression hearing, the magistrate judge ("MJ") issued a report recommending that Davalos's motion to suppress the fruits of the search be denied. The MJ judge found that unlike in *Collins*, the driveway where Davalos's car was parked was not part of the home's curtilage. In making that finding, the MJ explained that there was no driveway enclosure, and the driveway where Davalos's car was parked was in front of the house next to the sidewalk and street. The MJ also found that all four factors in *United States v. Dunn*, 480 U.S. 294 (1987), weighed against a finding that Davalos's driveway was part of the home's curtilage. According to the MJ, Johnson was "entitled to approach the vehicle as part of the lawful stop," and the odor of marihuana, Davalos's admission that he had recently smoked marihuana, and his possession of a small amount of marihuana created the necessary probable cause to search the car.

Even if the driveway was part of the curtilage, the MJ found that the search of Davalos's car was permissible. Specifically, the MJ found that the officer was entitled to conduct the traffic stop after observing Davalos com-

mit a traffic violation. After he stopped Davalos, the officer "only sought to ensure there was no other occupant in the heavily tinted vehicle." The officer developed probable cause to support the search based on the smell of marihuana, Davalos's admission that he had recently smoked, and Davalos's possession of marihuana. The MJ further found that "[t]he immediacy of the pursuit and ensuing stop . . . also provid[ed] a basis for [the officer] to approach the car initially, at which point he smelled the marijuana that triggered the ensuing search."

Davalos filed objections to the MJ's report and recommendation. Over Davalos's objections, the district court adopted the report and recommendation and denied the motion to suppress. Davalos pleaded guilty after signing a conditional plea agreement that allowed him to appeal the ruling on his motion to suppress.

The district court sentenced Davalos to time served and a three-year term of supervised release.[1] Davalos appeals.

## III.

When deciding the denial of a motion to suppress evidence, we review factual findings for clear error and conclusions regarding the constitutionality of law enforcement action *de novo*.[2] Evidence is viewed in the light most favorable to the prevailing party, in this case the government.[3] "And where, as here, the denial of a suppression motion is based on live oral testimony,

---

[1] Although Davalos is not in BOP custody, that does not moot the challenge to his conviction because a successful appeal of the suppression ruling would allow him to withdraw his conditional guilty plea. *See United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)); FED. R. CRIM. P. 11(a)(2).

[2] *United States v. Guzman*, 739 F.3d 241, 245 (5th Cir. 2014).

[3] *United States v. Nelson*, 990 F.3d 947, 952 (5th Cir. 2021).

the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses."[4]  "[I]f there is any reasonable view of the evidence to support" the denial of a suppression motion, the denial should be upheld.[5]

## III.

The officer's conduct did not run afoul of the Fourth Amendment. To begin, he validly conducted a stop after a traffic violation.[6]  From there, he approached the car and merely looked for the presence of passengers for one obvious reason—officer safety.  The officer's approach and cursory look into the car were perfectly legitimate because the passenger's presence could not be reasonably ascertained in the heavily tinted car.[7]  Upon knocking on the window, the officer smelled marihuana and noticed, in plain view, that the driver side door was tampered with.  Importantly, the officer returned to the patrol car parked on the street, without manipulating the door panel.  He "[m]erely inspect[ed]" what came into view, which does not constitute an independent search.[8]  On the street, the officer asked Davalos for his driver's license and proof of insurance and then accompanied him to his car to keep an eye on him because the documents were in the car's glovebox, a place

_____

[4] *Id.* at 952–53 (internal quotation omitted).

[5] *Id.* at 953.

[6] *See Whren v. United States*, 517 U.S. 806 (1996) (noting that the traffic offense was a legitimate basis for the police to stop the vehicle).

[7] *See Bishop v. Arcuri*, 674 F.3d 456, 466 (5th Cir. 2012) ("Because 'reasonable suspicion of danger' is a lower threshold than 'particularized knowledge' that a suspect possesses a weapon, an officer must be able to point to specific facts to explain his safety concerns but need not demonstrate that he specifically knew a certain suspect was armed.").

[8] *See Arizona v. Hicks*, 480 U.S. 321, 325 (1987) (noting that "[m]erely inspecting [what] came into view . . . would not have constituted an independent search, because it would have produced no additional invasion of respondent's privacy interest").

where weapons are often kept.  Indeed, the officer was well within his right, in the interest of his safety, to accompany Davalos because of the tampered-with door panel and glovebox retrieval.

Once again, the officer smelled marihuana odor emanating from Davalos's car and asked him when he had last smoked, to which Davalos confirmed that he just had.  But the officer didn't immediately begin searching the car.  In the interest of officer safety, he appropriately asked a relevant question—whether Davalos "had anything on him," to which Davalos replied that he had a "little bit of weed" in his pocket.  The officer's question was perfectly legitimate—Davalos was not in custody, the officer did not use any coercive police procedures and remained calm throughout, and Davalos voluntarily cooperated with the officer and believed no incriminating evidence would be discovered.

By then, the officer had gathered sufficient facts to establish probable cause to search Davalos's car,[9] particularly for marihuana.[10]  The officer searched Davalos's car only after reconfirming the marihuana odor, hearing Davalos's admissions, and discovering a noticeably tampered-with door panel.  The officer was well within his right to inspect the door panel, among other parts of the car, because the door panel could have contained the "object of the search"—marihuana.[11]  That the search revealed marihuana

---

[9] *See Collins*, 584 U.S. at 592 (noting that a warrantless search of an automobile is reasonable if the search is supported by probable cause).

[10] *See, e.g., United States v. Ogden*, 572 F.2d 501, 502 (5th Cir. 1978) (noting that the agent's identification of the marihuana odor was enough to support probable cause to search, and no warrant was required for the search of an automobile under such circumstances).

[11] *See United States v. Ross*, 456 U.S. 798, 825 (1982) ("If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.").

No. 24-50925

and a firearm does not change the calculus. The officer's conduct was wholly appropriate under the circumstances.

Because exigent circumstances existed and the officer gathered sufficient facts to establish probable cause to search Davalos's car, we have no need to address whether the area searched was curtilage. The officer's conduct did not run afoul of the Fourth Amendment.

AFFIRMED.