Ivory COLLINS, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21678.

United States Court of Appeals
Ninth Circuit.

Dec. 26, 1967.

Certiorari Denied April 22, 1968.
See 88 S.Ct. 1409.

Daye Shinn, Los Angeles, Cal., for appellant.

Arthur Berman, Asst. U. S. Atty., William M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, Craig B. Jorgensen, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL and BROWNING, Circuit Judges, and SOLOMON, District Judge.

PER CURIAM:

■ There was direct evidence of appellant's possession of narcotics. The testimony of the government's informant to this effect was competent, and his credibility was for the jury. Hoffa v. United States, 385 U.S. 293, 311, 87 S. Ct. 408, 17 L.Ed.2d 374 (1966).

■ The trial court was correct in holding that appellant, having denied committing the acts charged, was not entitled to an instruction on the defense of entrapment. Garibay-Garcia v. United States, 362 F.2d 509 (9th Cir. 1966).

■ It was not plain error under the circumstances of this case for the District Court to fail upon its own motion to strike testimony elicited from appellant with respect to his past narcotics offenses and to instruct the jury to disregard such testimony. The record shows that appellant's counsel refrained from moving to strike and requesting such an instruction in the belief that such testimony was proper impeaching evidence upon the issue of appellant's credibility, and that the District Court concurred in this view. This was not "plain error" that this court may notice, under Fed.R. Cr.P. 52(b), despite counsel's inaction.

Affirmed.