UNITED STATES of America, Plaintiff-Appellee,

v.

Henry JENKINS, aka Terry Lee Jenkins, Defendant-Appellant.

No. 72–3679.

United States Court of Appeals, Fifth Circuit.

June 18, 1973.

Morton Orbach, South Miami, Fla. (court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., William R. Northcutt, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.

PER CURIAM:

Jenkins was convicted by the lower court sitting without a jury of knowingly and intentionally distributing a controlled substance, heroin,[1] in violation of Title 21, U.S.C., § 841, in consequence of a sale to an undercover U. S. Bureau of Narcotic Drugs agent, Campbell.

Jenkins raises two contentions on appeal: (1) that the United States violated his Fifth Amendment due process rights by using an informer, Giles, who was retained on a contingent fee basis;[2] and (2) that the lower court's finding that entrapment did not occur,[3] was contrary to the manifest weight of the evidence. We find each contention to be meritless and affirm.

As to the first point, although Giles testified that he made several contacts with drug sellers about this time, and was rewarded financially when a buy was made and not paid when a sale did not take place, it is clear from the evidence that no specific arrangement for payment existed and also that no particular person was the target of the buy effort, but rather that Giles went with agent Campbell to a specified bar to attempt a buy from whomever might be found there. It is also significant that in this case the buy was not made from Jenkins by the informer, Giles, but rather by the agent, Campbell, after Giles solicited Jenkins to provide heroin telling Jenkins that "his cousin's wife was Jonesing."[4] Thus, the problem noted in *Williamson*, note 3, supra, that

1. The court acquitted Jenkins under Count One of the two count indictment. Count One charged that Jenkins knowingly possessed a controlled substance, heroin, with intent to distribute, also in violation of § 841.

2. Citing and relying upon Williamson v. United States, 5 Cir. 1962, 311 F.2d 441, and Bullock v. United States, 5 Cir. 1967, 383 F.2d 545.

3. That is to say that Jenkins was not induced by government agents to commit a crime which he was not otherwise predisposed to commit, citing Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, and Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848.

4. Jenkins' understanding of "Jonesing" was "vomiting and their stomachs cramping and all like that. So, you know, they think if they get some heroin, you know, in their systems it will stop."

a contingent fee arrangement "might tend to a 'frameup'" by an informer is not present. The informer did not make the buy. The circumstances present here take this case outside the ambit of *Williamson* and *Bullock*.

As to the entrapment issue, the judge as the trier of fact had to make a determination whether the sale was induced by the government, and if there was inducement, whether an unwary criminal or an unwary innocent person was entrapped into committing the offense.[5] We think we cannot on this record set aside the fact-finder's determination of guilt. Although Jenkins was an eighteen year old with no prior conviction and it was not shown that he had made a prior sale, or had a reputation as a dealer in narcotics, his willingness to commit the crime was convincingly demonstrated by his statement to Campbell after the sale to the effect that "if you need more, I'll be here".

We note one other occurrence during the trial. After finding Jenkins not guilty under Count One, charging knowing and intentional possession with intent to distribute the controlled substance (heroin), apparently because when Campbell asked for five bags of "smack," a $10.00 purchase, Jenkins with only two or three bags on his person had to fill out the order by borrowing two or three bags from a friend, the trial judge cryptically remarked, as to the distribution count, Count Two:

"there is nothing to decide for me, really. I hate to be that blunt about it, but there is no decision I have to make under Count Two. He confirms it. There is nothing for me to decide."

Taken at its facial meaning, this was not correct. The question certainly remained of whether the appellant had the general intent to distribute when an opportunity was offered. We think however that the judge meant only to say that by his own testimony Jenkins offered proof of the physical elements of the offense. The remark is troublesome but does not afford a basis for a decision that improper standards were used by the trial judge in determining guilt.

Affirmed.

---

5. Pierce v. United States, 5 Cir. 1969, 414 F.2d 163, 166–167, cert. denied 1969, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425; United States v. Jones, 1973, 473 F.2d 293 [decided February 2, 1973].