505 F.2d 1307
 The UNITED STATES of America, Plaintiff-Appellee,
v.
Angel Luis OQUENDO, a/k/a Angel Luis Roldan, a/k/a Magoo,
Defendant-Appellant.
No. 74-2780 Summary Calendar.*
*Rule 18, 5th Cir., see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York, et al., 5th Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Jan. 6, 1975.
 
 Frank Herrera, San Antonio, Tex. (Court-appointed), for defendant-appellant.
 William S. Sessions, U.S. Atty., John Pinckney, III, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-Appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges.
 THORNBERRY, Circuit Judge:
 
 
 1
 Angel Luis Oquendo was indicted on three counts of distributing heroin in violation of 21 U.S.C. 841(a)(1). The three counts were contained in two separate indictments. SA73CR40 charged Oquendo and one Jose Torres with distributing 0.84 grams of the drug on or about August 30, 1972. In SA73CR45 appellant alone was charged in two counts for separate transactions on August 29 and August 30, 1972. Oquendo pleaded not guilty as to each count, and the indictments were consolidated for trial. At the first trial a jury found Oquendo guilty on all three counts, but this court reversed the convictions because we found that the trial judge had given an improper Blue-type charge. United States v. Oquendo, 5th Cir. 1974, 490 F.2d 161. At the second trial a jury acquitted Oquendo as to both counts contained in SA73CR45, but found him guilty of the offense charged in SA73CR40. At this juncture appellant moved the district court for a directed verdict of acquittal as to the count of which he had been found guilty. It is from the district court's denial of this motion that Oquendo now appeals. He alleges three grounds on which his motion should have been granted. First, he contends that since he offered an identical defense to both indictments no basis existed for a finding of guilty as to one and not guilty as to the other. Second, he urges that the evidence unequivocably established that he acted as a 'purchasing agent' and not as a principal in the transaction for which he was indicted in SA73CR40. Finally, he argues that the government paid its informant on a contingent fee basis in violation of Williamson v. United States, 5th Cir. 1962, 311 F.2d 441. Finding no merit in these contentions, we affirm.
 
 
 2
 We developed the factual background of this case in our earlier opinion and thus restate only the facts necessary to an understanding of the issues presently before us. As we noted earlier:
 
 
 3
 Appellant essentially admitted all of the elements of the crime charged resting his defense on our holding in United States v. Bueno, 5 Cir. 1971, 447 F.2d 903, that entrapment is established as a matter of law where a defendant is charged with possessing contraband or distributing it to a government agent if the contraband in question was supplied to the defendant by a government agent including a paid informer.
 
 
 4
 490 F.2d at 162. Thus, if the government introduced evidence legally insufficient to establish beyond a reasonable doubt that the heroin Oquendo allegedly distributed with Torres originated elsewhere than with the government informer that the jury apparently found and provided the drugs involved in the other two transactions, appellant's request for a directed verdict of acquittal on SA73CR40 should have been granted. The record contains ample evidence, however, from which the jury could have concluded that the heroin involved in the SA73CR40 transaction came from a different source than the drugs involved in the SA73CR45 transactions. The government's undercover agent testified that the drugs Oquendo sold in the latter transactions were, respectively 15% Heroin/3.7% Cocaine (A. at 35-36) and 15.5% Heroin/5.4% Cocaine (A. at 44). The substance obtained in the transaction charged in SA73CR40, however, the agent testified was 31.4% Heroin/15.7% Cocaine (A. at 40). The agent further stated that on August 30 Oquendo told him that one of his friends, which later turned out to be Jose Torres, could sell the agent better heroin than that offered by Oquendo himself. (A. at 38). Oquendo admitted that he could obtain heroin from persons other than the government informer. (A. at 164). Moreover, that Torres was involved in the SA73CR40 transaction at all could have led the jury to draw inferences adverse to appellant's contention on this point. Considering the evidence in the light most favorable to the government, there was substantial evidence from which the jury could have concluded beyond a reasonable doubt that the government informer did not supply the heroin involved in the offense alleged in SA73CR40. Cf. United States v. Soto, 504 F.2d 557 (5th Cir. 1974).
 
 
 5
 Appellant also urges that he was entitled to a directed verdict of acquittal on SA73CR40 because his role in the transaction with Torres was that of a 'purchasing agent' within the meaning of Adams v. United States, 5th Cir. 1955, 220 F.2d 297. The evidence shows that the undercover agent and the informer went to the Carosel Lounge in San Antonio to try to make a purchase from Torres. On arriving at the Lounge the informer went inside and soon returned, accompanied by appellant. Oquendo indicated that a friend inside the Lounge could sell the agent some heroin. The friend turned out to be Torres, and after some preliminary negotiations between Oquendo, Torres, and the agent, all three entered the men's room where Torres gave the agent two grams of the drug. The agent testified that when he took money from his pocket to pay for the heroin, Torres told him to give the money to his 'partner' Oquendo later. Adams and other cases relied upon by appellant involved statutes forbidding the sale of drugs. Appellant was indicted for 'distribution', not selling. 21 U.S.C. 802(11) defines 'distribute' as 'to deliver . . . a controlled substance.' 'Deliver' is defined as 'the actual, constructed, or attempted transfer of a controlled substance, whether or not there exists an agency relationship.' Id. at 802(8). Hence, the fortuitous circumstance that appellant did not physically touch the drugs involved in the Torres transaction does not take him from within the statute's coverage.[1] Cf. United States v. Johnson, 5th Cir. 1973, 481 F.2d 645.
 
 
 6
 Finally, appellant contends that he was entitled to acquittal under Williamson v. United States, 5th Cir. 1962, 311 F.2d 441, where we reversed a conviction based on the testimony of an informer to whom the government paid a contingent fee for producing evidence against a particular named defendant.[2] The informer in this case was paid $100 for successfully setting up a drug purchase by the undercover agent. No particular person was the target, however, and the informer did not make the buy. In fact, Oquendo became involved in the transaction for which he was ultimately convicted only by chance, for the undercover agent testified that on the day in question he hoped to make a buy from Torres and that he felt he had already made a case against Oquendo. (A. at 37). These facts take this case outside the Williamson doctrine. See United States v. Jenkins, 5th Cir. 1973, 480 F.2d 1198, cert. denied, 414 U.S. 913, 94 S.Ct. 256, 38 L.Ed.2d 151.
 
 
 7
 Appellant's three contentions being meritless, the judgment is affirmed.
 
 
 
 [1]
 Appellant also contends that he should have been indicted as an 'aider and abettor' rather than a principal. Clearly, Oguendo could have been indicted on this theory. See United States v. McCray, 5th Cir. 1973, 482 F.2d 286, cert. denied, 414 U.S. 978, 94 S.Ct. 300, 38 L.Ed.2d 222. Nevertheless, one who has been indicted as a principal may be convicted on evidence showing only that he aided and abetted the commission of the offense. United States v. Gower, 5th Cir., 447 F.2d 187, 193, cert. denied, 1971, 404 U.S. 850, 94 S.Ct. 84, 30 L.Ed.2d 88. Moreover, as noted in the text, we believe that the definition of 'distribute' contained in the statute is broad enough to include acts that traditionally perhaps would have been defined as mere aiding and abetting. Cf. United Stated v. Rose, 5th Cir. 1973, 484 F.2d 654. See also United States v. Felts, 5th Cir. 1974, 497 F.2d 80, 82; United States v. Alexander, 2nd Cir. 1974, 495 F.2d 552
 
 
 [2]
 This point was raised, but not decided, in appellant's first appeal. 490 F.2d at 166 n. 11