577 F.2d 1021
 UNITED STATES of America, Plaintiff-Appellee,
v.
George Michael McCLURE, Defendant-Appellant.
 No. 77-5549
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Aug. 7, 1978.
 
 Ed Leinster, Orlando, Fla., for defendant-appellant.
 A. Thomas Mihok, Asst. U.S. Atty., John L. Briggs, U.S. Atty., Orlando, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before GOLDBERG, AINSWORTH, and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 George Michael McClure appeals his conviction of two counts of knowingly, intentionally, and unlawfully distributing heroin in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 2
 This is the appeal from the second trial of the defendant, who, on November 11 and November 17, 1975, sold heroin to DEA Agent Bud McGee who was accompanied by confidential informant Bryan Carroll.
 
 
 3
 In our previous opinion, United States v. McClure, 546 F.2d 670 (5th Cir. 1977), we reversed defendant's conviction and remanded the case for new trial. At his first trial, defendant claimed that the confidential informer, Carroll, had intimidated him into selling the heroin to McGee. Defendant proffered testimony from several witnesses who were willing to swear that Carroll had threatened them and forced them to make drug sales. The trial court excluded the testimony. We held that the testimony should have been admitted as supportive of defendant's alleged lack of criminal intent and that the failure to admit the evidence constituted reversible error.
 
 
 4
 In our previous opinion, we also addressed at length but did not decide defendant's contention that the payment of a confidential informant on a contingent fee basis was, on the facts of the case, a violation of due process.
 
 We stated as follows:
 
 5
 In view of our remand of this case, we think it proper to discuss appellant's second assignment of error. He claims that the use of a contingent fee informant was impermissible under Williamson v. United States, 311 F.2d 441 (5th Cir. 1962). In that case treasury agents targeted "Big Boy" and two others as potential defendants and promised the informant a specified sum for obtaining evidence against them for whiskey violations. The conviction was reversed in an opinion by Judge Rives because the government did not demonstrate that the agents had explained the law of entrapment to the informant, nor that the agents already knew the defendants were involved in whiskey-related crimes.
 
 
 6
 Without some such justification or explanation, we cannot sanction a contingent fee agreement to produce evidence against particular named defendants as to crimes not yet committed. Such an arrangement might tend to a 'frame up,' or to cause an informer to induce or persuade innocent persons to commit crimes which they had no previous intent or purpose to commit. The opportunities for abuse are too obvious to require elaboration.
 
 
 7
 311 F.2d at 444. Chief Judge Brown noted in a special concurrence that Williamson is not an entrapment case. It focuses upon the method used to "make" the case rather than the subjective predisposition of the defendant to commit the crime. 311 F.2d at 445. Judge Cameron dissented. The Supreme Court has left open the possibility that there may be some cases "in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction . . . ." United States v. Russell, 411 U.S. 423, 431-32, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366 (1973). At least five of the current members of the Supreme Court adhere to that view. Hampton v. United States, 425 U.S. 484, 491-500, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976). This is the niche occupied by Williamson.
 
 
 8
 We note that cases in this circuit have confined Williamson to a narrow set of circumstances. Factors that militate against application of Williamson may be present in the case at bar. They include the possibility that Carroll was instructed in the law of entrapment, see United States v. Garcia, 528 F.2d 580 (5th Cir.), cert. denied, 429 U.S. 898, 97 S.Ct. 262, 50 L.Ed.2d 182 (1976), that the agent, not the informant, made the buy, see United States v. Jenkins, 480 F.2d 1198 (5th Cir.), cert. denied, 414 U.S. 913, 94 S.Ct. 256, 38 L.Ed.2d 151 (1973), and that Agent McGee did not know who "Mike" the dealer was and did not target appellant as his prey. See United States v. Joseph, 533 F.2d 282 (5th Cir. 1976). See also United States v. Oquendo, 505 F.2d 1307 (5th Cir. 1975).
 
 
 9
 Following our remand of the case, defendant was tried again and convicted. In his second trial, defendant called witnesses who, this time, were allowed to testify and did testify that Carroll had intimidated them into selling drugs. The jury obviously resolved the credibility choice against defendant.
 
 
 10
 On this appeal, the defendant presents a single issue for decision. Whether or not the activities of informant Carroll fall within the prohibition of Williamson v. United States, 311 F.2d 441 (5th Cir. 1962) is the question we must decide. We hold that the facts of the instant case do not approach the prohibition of Williamson.
 
 
 11
 In the instant case, unlike Williamson, there was no evidence that the informer was sent out on a mission specifically to get the defendant. Rather, the evidence disclosed that neither the Agent nor the informer had any idea who McClure was before they met him through a man named Boyd on the occasion of the first buy. See United States v. Joseph, 533 F.2d 282 (5th Cir. 1976); United States v. Garcia, 528 F.2d 580 (5th Cir. 1976).
 
 
 12
 Furthermore, the agent attended both transactions and was the person who actually purchased the heroin. Hence, there was no possibility that Carroll fabricated the evidence in order to convict an innocent person and thereby collect his fee. See United States v. Jenkins, 480 F.2d 1198 (5th Cir.), cert. denied, 414 U.S. 913, 94 S.Ct. 256, 38 L.Ed.2d 151 (1973). Likewise it was clear that McClure was predisposed to sell heroin in view of his open admission that he had sold heroin in the past. We hold defendant's argument to be meritless.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I