**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Wayne A. WIGLEY, Defendant-Appellant.**

**No. 79–1497.**

United States Court of Appeals, Tenth Circuit.

Argued April 14, 1980.

Decided Aug. 11, 1980.

Duane Miller, Oklahoma City, Okl., for appellant.

S. Paul Richards, Asst. U. S. Atty., Oklahoma City, Okl. (Larry D. Patton, U. S. Atty., and Charles Lee Waters, Asst. U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

PER CURIAM.

The defendant Wayne Wigley was convicted of distributing a Schedule II controlled substance, Phencyclidine (PCP), in violation of 21 U.S.C. § 841(a)(1). On appeal defendant questions the sufficiency of the evidence and the prosecution's exploration of prior bad acts of defense witnesses.

The evidence viewed in the light most favorable to the government shows that a government contact named Guinn sought to obtain a quantity of PCP from one Upton. Defendant accompanied Upton and another man to bring the drug to Guinn's apartment. Defendant then left the others and drove Guinn to an appointed place to meet with the government's undercover agent. The agent joined them in the car and Guinn handed him the PCP. While the agent examined it, defendant assured him that the drug was of good quality, that defendant had been purchasing it in half-pound quantities, and that he could obtain more of it for the agent. When asked if the agent could show the PCP to a companion, defendant, rather than Guinn, granted permission. Although defendant was arrested before the agent's final approval and payment for the PCP, there was circumstantial evidence that most of the expected proceeds of the sale were to be taken by defendant.

We find this evidence of defendant's involvement in the transaction more than ample to convict him of distribution under

the statute. Section 802(11) of Title 21 defines "distribute" as "to deliver" and § 802(8) defines "delivery" as "the actual, constructive, or attempted transfer of a controlled substance." "[T]he Controlled Substances Act . . . contains no sale or buying requirement to support a conviction; there is now an offense of participation in the transaction viewed as a whole." *United States v. Pruitt*, 487 F.2d 1241, 1245 (8th Cir. 1973). This statute defines the crime broadly enough to include acts which other statutes may have defined merely as aiding and abetting. *United States v. Oquendo*, 505 F.2d 1307, 1310 n.1 (5th Cir. 1975). Activities in furtherance of the ultimate sale—such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drug—are sufficient to establish distribution. *See, e.g., United States v. Collins*, 552 F.2d 243, 245–46 (8th Cir.), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977); *United States v. Oquendo*, 505 F.2d at 1309–10. *Cf. United States v. Taylor*, 612 F.2d 1272, 1275 (10th Cir.), *cert. denied*, —— U.S. ——, 100 S.Ct. 1060, 62 L.Ed.2d 782 (1980). Wigley's participation in transporting the drug, in vouching for its quality, and in allowing further inspection, was an effort to assure the successful completion of the transfer and, therefore, violative of the statute.

 Wigley's second contention is that the prosecutor improperly discredited defense witnesses by inquiring into prior bad acts that had not led to convictions. Wigley objected to only one of these exchanges, questions regarding previous marijuana dealings between Guinn and the undercover agent. The court sustained defendant's objection and admonished the jury to disregard references to crimes other than the one for which the defendant was charged. Record, vol. 2, at 58. We believe this instruction cured any possible error. *Cf. United States v. Allegretti*, 340 F.2d 254, 257 (7th Cir. 1964), *cert. denied*, 381 U.S. 911, 85 S.Ct. 1531, 14 L.Ed.2d 433 (1965).

■ Because direction from the court can cure the kind of abuses complained of by Wigley, the rule has developed that failure to object constitutes waiver. *See Huson v. Rhay*, 446 F.2d 861, 862 (9th Cir. 1971). Only where plain error is evidenced may an appellate court reverse a verdict in the absence of a proper objection. *See* Fed.R. Crim.P. 52(b).

■ We have reviewed the record as a whole, *see United States v. Stevens*, 452 F.2d 633, 635 (10th Cir. 1972), and, although the prosecutor's questions were inappropriate and not to be condoned, they do not rise to the level of plain error. *See Collins v. United States*, 390 F.2d 260 (9th Cir. 1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1409, 20 L.Ed.2d 286 (1968).