**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 19 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JUAN M. CORONA-GARCIA,

Petitioner,

v.

ALBERTO R. GONZALES, *

Respondent.

No. 04-9549
(BIA No. A70-749-886)
(Petition for Review)

**ORDER AND JUDGMENT** **

Before **SEYMOUR** , **McCONNELL** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* On February 4, 2005, Alberto R. Gonzales became the United States Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the Respondent in this action.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Juan M. Corona-Garcia seeks review of an order removing him from the United States based on his state conviction for aiding and abetting the delivery of a controlled substance (methamphetamine), which the Immigration Judge (IJ) held warranted petitioner's removal both as an "aggravated felony" and as a crime "relating to a controlled substance" under 8 U.S.C. § 1227(a)(2)(A)(iii) and (a)(2)(B)(i). The Board of Immigration Appeals (BIA) summarily affirmed, making the IJ's decision the final agency determination for purposes of judicial review. *See* 8 C.F.R. § 1003.1(e)(4). As explained below, petitioner has failed to negate the conditions warranting removal under § 1227(a)(2). Accordingly, we dismiss his petition for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(C). [1]

Petitioner was indicted for aiding and abetting another defendant's delivery of methamphetamine in violation of Idaho Code § 37-2732(a)(1) (delivery of controlled substance) and § 18-204 (aiding and abetting). App. 201-02. He was adjudged "guilty as charged" on the basis of his plea, and given a sentence of three to six years' confinement, execution of which was suspended under Idaho Code § 19-2601(2) in favor of a six-year term of probation. App. 198-99.

The Department of Homeland Security took petitioner into custody in anticipation of removal proceedings under § 1227(a)(2), and transferred him to a

---

[1] The limited nature of our review in connection with the jurisdictional bar in § 1252(a)(2)(C) is explained in *Cruz-Garza v. Ashcroft*, 396 F.3d 1125, 1127 n.2 (10th Cir. 2005), and cases discussed therein.

facility in Colorado. Thereafter, petitioner moved for a transfer of venue to an immigration tribunal within the Ninth Circuit, insisting that his case ultimately be reviewed by (and under the precedent of) the circuit with jurisdiction over the state where the operative conviction had been obtained.[2] In particular, he sought the benefit of *Lujan-Armendariz v. INS*, 222 F.3d 728 (9 th Cir. 2000), which ameliorated the immigration consequences of certain state drug offenses so as to replicate the effect of the Federal First Offender Act (FFOA), 18 U.S.C. § 3607, placing certain deferred/expunged adjudications for first-time, simple-possession offenses outside the definition of "conviction" in 8 U.S.C. § 1101(a)(48)(A), and, thus, outside the removal provisions in § 1227(a)(2). *See Lujan-Armendariz*, 222 F.3d at 734-38, 742-43, 749-50 (reaffirming Ninth Circuit view after amendment of § 1101(a)(48)(A)).[3] An IJ sitting in Denver denied petitioner's motion and found him removable under § 1227(a)(2)(A)(iii) and (a)(2)(B)(i). The IJ held that the venue issue was legally inconsequential, since petitioner's crime would not have qualified as a simple possession offense for FFOA purposes in

---

[2] A petition for review of a removal order "shall be filed in the court of appeals for the judicial circuit in which the immigration judge completed the proceedings," 8 U.S.C. § 1252(b)(2), and the law of that circuit properly governs the case, *Peters v. Ashcroft*, 383 F.3d 302, 305 n.2 (5 th Cir. 2004).

[3] The Third Circuit rejected the Ninth Circuit's equal protection rationale for extending FFOA benefits to state offenders in this way in *Acosta v. Ashcroft*, 341 F.3d 218, 225-27 (3d Cir. 2003), which we credited but did not expressly adopt in our rejection of a similar argument regarding an expunged foreign conviction in *Elkins v. Comfort*, 392 F.3d 1159, 1162-64 (10 th Cir. 2004).

any event. Petitioner raised the same issue (among others) to the BIA, App. at 23, 77, which affirmed the IJ's decision without opinion.

The focus of petitioner's primary objection has shifted over time. He continues to insist that Ninth Circuit law would have favored his cause, but the precedent and point of law emphasized now are not *Lujan-Armendariz* and the extension of FFOA benefits to state offenders. Instead, petitioner relies heavily on *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905 (9 th Cir. 2004), which has nothing to do with the FFOA, but does hold that state drug possession offenses that would not be punishable as felonies under federal drug law should not be counted as aggravated felonies for immigration purposes simply because a state chooses to classify them as such. *Id.* at 909-10, 918.

As the government has pointed out, one critical problem with the latter argument is that it relates only to the "aggravated felony" conviction provision in § 1227(a)(2)(A)(iii). The "controlled substance" conviction provision remains a distinct basis sufficient in itself to support removability under § 1227(a)(2)(B)(i). An appellate challenge that extends to only one of two alternate bases for a disposition necessarily leaves that disposition standing, *see Berna v. Chater*, 101 F.3d 631, 634 (10 th Cir. 1996), which in this case would preserve the negation of our jurisdiction under § 1252(a)(2)(C).

-4-

In contrast, petitioner's argument under *Lujan-Armendariz*, that the FFOA expungement provision should be deemed to apply to first time state offenders who would have qualified under the FFOA had they been federally prosecuted, would undercut the existence of a *conviction* per se, thus negating either predicate under § 1227(a)(2). It is not clear whether petitioner intends to reassert this argument. He does not cite *Lujan-Armendariz* in his brief, though he does appear at one point to invoke the substance of its holding. *See* Op. Br. at 24 (noting "[t]he very first state conviction for simple possession of a drug, whether felony or misdemeanor, in the Ninth Circuit, can be eliminated for immigration purposes by 'rehabilitative relief'"). Even if we deem this oblique reference sufficient to present the matter for review, however, we agree with the IJ that petitioner's conviction for aiding and abetting the *delivery* of methamphetamine could not in any event have qualified under the FFOA. [4]

---

[4] We properly look to the offense elements stated in the charging document in conjunction with the judgment of conviction in determining the nature of the offense. *Hernandez-Martinez v. Ashcroft*, 343 F.3d 1075, 1076 (9 th Cir. 2003); *see also United States v. Venegas-Ornelas*, 348 F.3d 1273, 1276 (10 th Cir. 2003), *cert. denied*, 125 S. Ct. 494 (2004). Here, these show petitioner was charged with and convicted of aiding the delivery of a controlled substance, specified in the indictment as methamphetamine. It is not clear why, but petitioner's commitment order mistakenly refers to "Aid & Abet Possession of A Controlled Substance With Intent to Deliver," App. at 203, but as possession with intent to deliver is not in any event simple possession, the difference is immaterial to our analysis. Petitioner's occasional reference in his brief to a charge of "Aiding and Abetting Possession," Op. Br. at 9, 13, is misleading, but, as he otherwise consistently

(continued...)

The FFOA "applies exclusively to first-time drug offenders who are guilty only of simple possession" as specified in 21 U.S.C. § 844. *Dillingham v. INS*, 267 F.3d 996, 1005 (9th Cir. 2001); *see Elkins v. Comfort*, 392 F.3d 1159, 1160 (10th Cir. 2004). But delivery of a controlled substance, which is sufficient to qualify as distribution in violation of 21 U.S.C. § 841, *United States v. Wigley*, 627 F.2d 224, 226 (10th Cir. 1980), involves more than simple possession.[5] Indeed, this point is plainly reflected in the Idaho statute under which petitioner was convicted. *Compare* Idaho Code § 37-2732(a) (specifying offenses involving manufacture or delivery of, or possession with intent to manufacture or deliver, controlled substance) *with id.* § 37-2732(c) (specifying offenses involving only possession of controlled substance).

---

[4](...continued)
refers to delivery, we assume this was inadvertent.

[5]    For immigration purposes, a conviction of aiding or abetting a crime under federal law is treated as a conviction of the substantive offense, because "the aiding and abetting statute [18 U.S.C. § 2] does not define a separate offense but rather makes punishable as a principal one who aids or abets another in the commission of the substantive offense." *Londono-Gomez v. INS*, 699 F.2d 475, 476 (9th Cir. 1983) (distinguishing aiding/abetting from misprision). The state law under which petitioner was convicted likewise holds aiders/abettors to be principals guilty of the substantive offense and distinguishes them from mere accessories after the fact, *compare* Idaho Code § 18-204 and § 19-1430 *with id.* § 18-203 and § 18-205. Thus, petitioner's conclusory objection that the state record does not foreclose the possibility that his was merely "a misprision of a felony type of accessory conviction" that should not carry the consequences of a substantive drug offense, Op. Br. at 18, is plainly belied by the governing law.

In sum, petitioner has failed to advance a meritorious challenge to the validity of one of the grounds invoked for removal under § 1227(a)(2). Pursuant to § 1252(a)(2)(C), we lack jurisdiction to review the removal order any further. Finally, we note a recurrent theme in petitioner's brief to the effect that he pled guilty to the underlying state offense based on expectations about immigration consequences that, as we have seen, have not been borne out. Any repercussions with respect to his plea, however, are beyond the scope of our review.

The petition for review is DISMISSED. Petitioner's motion to proceed in forma pauperis is GRANTED.

Entered for the Court


Michael W. McConnell
Circuit Judge